## JOHN T. MILLIKEN v. THYSON COMMISSION COMPANY, Appellant.

**Division One, March 28, 1907.**

1. **EVIDENCE: Parts of Answer: Admission.** Where the petition by general allegations charged that defendant between certain dates bought and sold for plaintiff 150,000 bushels of wheat, and defendant in its reply set up the purchase of that amount of wheat naming the parties from whom it was bought and how it was sold, not for the purpose of admitting that they constituted the transactions between the parties, but for the purpose of showing what were the real transactions, it is error to permit plaintiff to offer in evidence so much of defendant's

answer as, alone, constitutes an admission that defendant had bought and sold 150,000 bushels of wheat for plaintiff and on his account. It is error to permit plaintiff to select isolated portions of the answer and read them to the jury, when the whole answer taken together shows that its object and purpose were to deny, not to admit, the allegations of the petition.

2. ————: **Purchase and Sale of Wheat: Demurrer.** Where the foundation of plaintiff's cause of action is that he authorized defendant commission company to buy so much wheat for him at a given price and to sell it at another price, and that defendant did buy and sell it for him at those prices, and that defendant in consequence is liable to him for the specified profit, the court should sustain a demurrer to plaintiff's case if he offers no evidence tending to prove the purchase and sale of wheat by defendant for him in the manner alleged in the petition.

3. **PRACTICE:** Peremptory Instruction for Plaintiff. Even though plaintiff produces evidence tending to support his cause of action, if the allegations of the petition are denied and evidence is introduced to sustain the issues joined, it is error to give a peremptory instruction directing the jury to find for plaintiff. The rule is, in such case, that defendant is entitled to have the jury pass upon the evidence, though defendant offer no evidence on the subject.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins,* Judge.

REVERSED AND REMANDED.

*Chester H. Krum* for appellant.

(1) It was manifest error to admit in evidence the portion of the answer of the appellant, which the court permitted to be read. 1. The petition alleged the respondent's cause of action as follows: "July 14, 1903, plaintiff employed defendant through its said representative to buy for plaintiff as his agent one hundred and fifty thousand bushels of No. 2 red winter wheat, to be delivered in the month of December, 1903, under the rules of said Merchants' Exchange of the City of St. Louis. Defendant accepted said commis-

sion and executed the same by buying for plaintiff's account said one hundred and fifty thousand bushels of wheat on the floor of the Merchants' Exchange in St. Louis, and reported the said purchases to plaintiff.'' This averment thus limited to a purchase, and only a purchase, was specifically denied. 2. The petition alleged a purchase of grain or purchases aggregating one hundred and fifty thousand bushels. The transaction was a purchase pure and simple, according to the petition. This averment was specifically denied, and that part of the answer which was permitted to be read was merely preliminary to or part of a statement of the real transaction—namely, a spread between St. Louis and Chicago—buying a certain quantity of grain in St. Louis for December delivery and selling the same quantity in Chicago, at the same time, for May delivery. By the performance indulged in, respondent was permitted to proceed upon a theory wholly inconsistent with the cause of action, thus ignoring and cutting out features of the real transaction upon which appellant depended by way of defense. (2) The evidence of Corwin H. Spencer as to what is meant by "ringing out" contracts was wholly incompetent. This evidence had no bearing upon the cause of action sued on. Its admission was merely another step in the substitution of a different cause of action. (3) Upon no theory was a peremptory instruction to find for respondent justified under the issues. 1. The petition averred a purchase, or purchases aggregating 150,000 bushels of wheat, and only such purchase. It averred that this purchase without any accompanying or qualifying feature was the entire and sole transaction. This was specifically denied. 2. The statement in the amended answer was conditioned solely upon the real transaction. The case was determined, by the instruction, in defiance of the express traverse— thus being in full keeping with the confused procedure of framing an issue upon a cause of action alleged in the

petition and concluding a defendant from defending, because of a new and different cause of action set up in the reply. Appellant was certainly entitled to go to the jury upon the issue whether appellant had afforded respondent the cause of action stated in the petition.

*Judson & Green* for respondent.

(1) There was no departure in the reply and no objection was made to the filing of the reply. The petition was not based upon purchases alone, as stated in defendant's brief, but upon the purchase of 150,000 bushels of No. 2 red winter wheat by defendant for plaintiff for December, 1903, delivery, and the sale of the same wheat on plaintiff's order, which wheat was actually delivered in December according to contract, and the sale price actually collected by appellant. The answer made a futile attempt to becloud this simple transaction, and the simple relation of principal and agent on which it is based, by attempting to confuse it with certain other trades made by defendant for plaintiff in the Chicago market, which had been closed and settled as to plaintiff, and had no connection whatever with the transaction in suit. In this effort to confuse the transaction, defendant set out the "ringing out" allowed by the exchange to the brokers in adjusting contracts made in their own names as between themselves. Plaintiff therefore in his reply set out the terms of the rule under which this practice was allowed. There was in this no departure, but a simple explanation of the methods of business whereon defendant relied to evade his responsibility as an agent to his principal. But it is really unnecessary to consider the question of departure, because there is not in the record a particle of evidence even tending to show that the defendant did in fact "ring out," or close under the rules of the Merchants' Exchange, the

contracts for the purchase of 150,000 bushels of wheat admitted in its amended answer to have been purchased by defendant for plaintiff between July 14th and August 12, 1903. The burden of proof as to "ringing out" these purchases was upon defendant, and no evidence whatsoever on that subject was offered by either plaintiff or defendant. Therefore, there being no evidence to support these allegations of new matter in defendant's answer, the only issue before the jury was whether defendant had made the purchases and sales of wheat for plaintiff, claimed to have been made in the petition and at the prices therein specified, and as these purchases and sales were all admitted in the answer to have been made by defendant, the court properly directed a verdict. (2) It was a proper case for a directed verdict for plaintiff. There was no possible room for anything else. The purchases by defendant for plaintiff's account, wherefor defendant charged plaintiff the regular commission, were admitted. The sales of the same quantity of wheat for same delivery by defendant on plaintiff's order and at plaintiff's cost were also admitted. It was also admitted that defendant actually delivered this wheat and collected the money therefor. No attempt was made to controvert this testimony; Mr. Milliken was not even cross-examined; so practically the whole case stood admitted.

WOODSON, J.—This is an appeal from the judgment of the circuit court of the city of St. Louis, in favor of the respondent, for the sum of $10,540.78, growing out of certain transactions on the floor of the Merchants' Exchange of the city of St. Louis.

In order to fully understand the questions involved in the case it is necessary to set out the pleadings.

The petition is as follows:

202 Sup—41

"Plaintiff states that defendant, the Thyson Commission Company, is a general business corporation, organized under the laws of Missouri, and at the times of the transactions hereinafter stated was engaged through its representative, one John Thyson, in the business of selling grain on the floor of the Merchants' Exchange in the city of St. Louis.

"Plaintiff for his action states that heretofore, to-wit, on July 14, 1903, plaintiff employed defendant through its said representative to buy for plaintiff as his agent one hundred and fifty thousand bushels of number 2 red winter wheat to be delivered in the month of December, 1903, under the rules of said Merchants' Exchange in the city of St. Louis. Defendant accepted said commission and executed the same by buying for plaintiff's account said 150,000 bushels of wheat on the floor of the Merchants' Exchange in St. Louis, and reported the said purchases to plaintiff. Thereafter, on November 20, 1903, plaintiff ordered defendant to sell the said wheat so purchased for his account, and defendant executed said order of sale and sold said wheat for defendant, realizing therefrom a net profit over and above said purchase price of $10,381.25, which said profit defendant realized as plaintiff's agent and for plaintiff's account as will appear from the statement of said account herewith filed and made a part hereof as 'Exhibit A.'

"Plaintiff states that although demand has been made upon defendant for said amount, defendant refuses to pay same, or any part thereof.

"Plaintiff says that the said transaction was fiduciary, in that the defendant acted as plaintiff's agent, made the said purchase and sale for plaintiff's account as such agent, and has appropriated and unlawfully converted the said sum thus belonging to plaintiff to its own use.

"Wherefore plaintiff asks judgment against de-

fendant for said sum of $10,381.25, with interest from November 20th, 1903."

"Exhibit A" referred to in the petition is as follows:

Bought:

| | | |
|---|---|---|
| 25,000 bushels December wheat @ 77½c... | $19,375.00 |
| 25,000 bushels December wheat @ 82⅛c... | 20,531.25 |
| 10,000 bushels December wheat @ 82c.... | 8,200.00 |
| 25,000 bushels December wheat @ 82¼c... | 20,562.50 |
| 25,000 bushels December wheat @ 82⅞c... | 20,718.75 |
| 10,000 bushels December wheat @ 82⅛-¼c.. | 8,218.75 |
| 5,000 bushels December wheat @ 82⅛c... | 4,106.25 |
| 15,000 bushels December wheat @ 82¼c... | 12,337.50 |
| 10,000 bushels December wheat @ 82¼c... | 8,225.00 |

150,000                                 $122,275.00

Sold:

150,000 bushels December wheat @ 88½...$132,750.00
Cost of wheat purchased as above ...... 122,275.00

Profit .. .... ..................... $ 10,475.00
Less Commission 1-16 .. ............. 93.75

Net profit ....... .. ............. $ 10,381.25

To the petition the appellant filed the following answer:

"By way of amended answer to the petition of plaintiff, the defendant denies, that on July 14, 1903, or at any time, plaintiff employed defendant, through its alleged representative or otherwise, to buy for plaintiff one hundred and fifty thousand bushels of number two red winter wheat to be delivered in the month of December, 1903, under the rules of the Merchants' Exchange of St. Louis, or that the defendant accepted such commission or bought said one hundred and fifty thousand bushels of wheat. The defendant denies, that in the month of November, 1903,

or at any time, at plaintiff's instance, the defendant sold for plaintiff one hundred and fifty thousand bushels of wheat theretofore purchased for plaintiff, or any quantity of wheat theretofore purchased by defendant for plaintiff, or that from such sale a net profit was realized of $10,381.25, or any other sum. The defendant denies that it has converted to its own use any sum of money or proceeds of sale, which belonged to plaintiff, or that it is indebted in any manner to the plaintiff.

"Farther answering, the defendant states, that beginning with July 14, 1903, and ending August 12, 1903, at the instance and by the direction of the plaintiff, the defendant bought wheat for delivery in the month of December, 1903, in St. Louis, under the rules of the St. Louis Merchants' Exchange, from the persons, in the quantities and for the following prices per bushel, to-wit:

| | | |
|---|---|---|
| July 14 | B. H. Lang & Co., 25 M at........... | 77½c |
| Aug. 3 | T. W. Carter & Co., 5 M at ........ | 82c |
| Aug. 3 | C. H. Albers Co., 25 M at.......... | 88⅛c |
| Aug. 3 | J. H. Teasdale Co., 20 M at ........ | 82¼c |
| Aug. 3 | W. A. Gardner & Co., 5 M at........ | 82¼c |
| Aug. 3 | A. Miller, 5 M at ................. | 82c |
| Aug. 5 | Hubbard & Moffett Co., 10 M at .... | 82⅛c |
| Aug. 5 | E. C. Chamberlain & Co., 5 M at..... | 82⅛c |
| Aug. 5 | T. W. Carter & Co., 5 M at.......... | 82⅛c |
| Aug. 5 | Woodlock & Gessler, 5 M at ........ | 82⅞c |
| Aug. 12 | C. H. Albers Com. Co., 10 M at..... | 82¼c |
| Aug. 12 | Langenberg Bros. & Co., 5 M at.... | 82⅛c |
| Aug. 12 | Langenberg Bros. & Co., 5 M at.... | 82¼c |
| Aug. 12 | Ballard Messmore & Co., 5 M at.... | 82⅛c |
| Aug. 12 | C. H. Albers Co., 5 M at........... | 82¼c |
| Aug. 12 | C. H. Albers Co., 5 M at........... | 82¼c |
| Aug. 12 | C. H. Albers Co., 5 M at........... | 82¼c |

"That at the times of the said respective purchases the defendant by direction of the plaintiff sold for

delivery in the month of May, 1904, in the city of Chi-cago, Illinois, under the rules of the Chicago Board of Trade, an equal quantity of the same grade of wheat, thereby effecting what are known to dealers in futures as spreads between St. Louis and Chicago; that the Chicago transactions were subsequently closed out by direction of the plaintiff, leaving the St. Louis trade still open; that at various times, be-tween July 29 and September 1, 1903, the said trades, hereinbefore specified, were rung out, or closed under the rules of the St. Louis Merchants' Exchange, in some instances with a loss, and in other instances with a profit, the net result being a profit of $1,350 which the defendant has always been ready and willing to pay to the plaintiff.

"Farther answering, the defendant states that on November 20, 1903, it sold for the plaintiff one hun-dred and fifty thousand bushels of wheat for delivery under the rules of the St. Louis Merchants' Exchange in the month of December, 1903; that theretofore de-fendant had bought at various times between July 14 and August 15th of said year for plaintiff's account and at his instance and request one hundred and fifty thousand bushels of wheat for the same month's de-livery; that the wheat sold on account of plaintiff was not wheat belonging to plaintiff, but which was cov-ered by contracts with others for delivery in said month of December; that in the month of December defendant delivered one hundred and fifty thousand bushels of wheat for the account of plaintiff, at the price made in November, and received the proceeds of sale therefor; that persons from whom wheat had been bought as aforesaid on account of plaintiff made de-fault on their contracts in the said month of December and are still in such default and owe to defendant the amount due under their contracts at the prices there-under made; that the matters thus standing between plaintiff and defendant are still open and unadjusted,

although defendant believes and states the fact to be, that upon the performance of their contracts by said sellers, there will be a net result or profit to plaintiff of some thirteen hundred and fifty dollars.''

The respondent thereupon filed the following reply:

"Comes now plaintiff and for reply to the amended answer of defendant herein, admits that beginning with July 14, 1903, and ending August 12, 1903, at the instance and by the direction of plaintiff, defendant bought a total of 150,000 bushels of wheat for delivery in the month of December, 1903, in St. Louis, Missouri, under the rules of the St. Louis Merchants' Exchange, from the persons, in the quantities and for the prices per bushel set out on page 2 of said amended answer; but plaintiff says that he has no knowledge or information as to whether the said trades specified were at various times between July 29th and September 1, 1903, 'rung out' or closed under the rules of the St. Louis Merchants' Exchange, and plaintiff further says that if the said trades hereinbefore specified were so 'rung out' or closed by defendant under the rules of the Merchants' Exchange, it was done by defendant without the knowledge or consent of plaintiff, and plaintiff does not know and has no information as to whether these trades were so closed out at a profit or otherwise, and is in no way concerned or affected thereby, for the reasons hereinafter set forth.

"Further replying to said amended answer plaintiff admits that on November 10, 1903, defendant sold for plaintiff one hundred and fifty thousand bushels of wheat for delivery in the month of December, 1903, and that theretofore defendant had bought at various times between July 14, 1903, and August 15, 1903, for plaintiff's account, and at his instance and request, 150,000 bushels of wheat for the same month's delivery, and plaintiff admits that in the month of December defendant delivered 150,000 bushels of wheat for the account

of plaintiff at the prices made in November, and received the proceeds of sale therefor. Plaintiff further says that he has no knowledge or information as to whether the 150,000 bushels of wheat so sold on account of plaintiff was or was not the 150,000 bushels of wheat bought for plaintiff, or as to whether it was wheat which was covered by contracts with others for delivery in said month, and he has no knowledge or information as to whether or not the persons from whom defendant alleges it bought wheat on account of plaintiff made default on their contracts and are still in default, and plaintiff says that he is not in any way concerned or affected by said alleged facts, for the reasons hereinafter set forth.

"Further replying, plaintiff denies that the account between plaintiff and defendant is still open and unadjusted as alleged in said amended answer; but on the contrary plaintiff alleges that all the aforesaid transactions between plaintiff and defendant occurred on the Merchants' Exchange of the city of St. Louis and were and are subject to the rules and regulations of said Merchants' Exchange, that in and by section 13 of Rule VIII of said Merchants' Exchange it is provided as follows:

" 'Sec. 13. In case any member of the Exchange, acting as commission merchant, shall have made purchase or sales, by order, and for account of another, whether the party for whom any such purchase or sale was made shall be a member of the Exchange or otherwise, and it shall subsequently appear that such trades may be offset and settled by other trades made by said commission merchant, he shall be deemed authorized to make such offset and settlement, and to substitute some other person or persons for the one from or to whom he may have purchased or sold the property originally; provided, that in case of such substitution the member or firm making the same shall be held to guarantee to his or their principal the ultimate fulfillment of all con-

tracts made for account of such principal which have
been so transferred, and shall be held liable to such
principal for all damages or loss resulting from such
substitution, subject, however, in all respects to the
rules of the Merchants' Exchange.'

"Plaintiff therefore says that by ringing out or
closing without plaintiff's knowledge or consent the
trades theretofore made at the instance and request of
plaintiff between July 14th and August 12, 1903, by
which defendant purchased a total of 150,000 bushels of
wheat for account of plaintiff for December delivery,
as alleged in the answer herein, and by failing to keep
the identical wheat purchased for plaintiff until plain-
tiff directed it sold, defendant thereby guaranteed and
became itself liable to plaintiff for the fulfillment of
all these transferred or substituted contracts for De-
cember delivery, and is liable to plaintiff for the
amount claimed in his petition, whether the persons
from whom defendant purchased wheat in these trans-
ferred or substituted contracts have made default or
not.

"Wherefore plaintiff again prays judgment in ac-
cordance with the prayer of the petition herein."

At the trial, which was before a jury, the respond-
ent offered to read in evidence the following part of the
amended answer of the appellant, to-wit:

"Further answering the defendant states, that be-
ginning with July 14, 1903, and ending August 12, 1903,
at the instance and by the direction of the plaintiff, the
defendant bought wheat for delivery in the month of
December, 1903, in St. Louis, under the rules of the
St. Louis Merchants' Exchange, from the persons, in
the quantities and for the following prices per bushel,
to-wit:

July 14   B. H. Lang & Co., 25 M at.......... 77½c
Aug. 3   T. W. Carter & Co., 5 M at.......... 82c
Aug. 3   C. H. Albers Co., 25 M at........... 82⅛c
Aug. 3   J. H. Teasdale Co., 20 M at......... 82¼c

| | | | |
|---|---|---|---|
| Aug. 3 | W. A. Gardner & Co., 5 M at........ | 82¼c |
| Aug. 3 | A. Miller, 5 M at ................ | 82c |
| Aug. 5 | Hubbard & Moffett Co., 10 M at.... | 82⅞c |
| Aug. 5 | E. C. Chamberlain & Co., 5 M at..... | 82⅞c |
| Aug. 5 | T. W. Carter & Co., 5 M at......... | 82⅞c |
| Aug. 5 | Woodlock & Gessler, 5 M at ........ | 82⅞c |
| Aug. 12 | C. H. Albers Com. Co., 10 M.. at... | 82¼c |
| Aug. 12 | Langenberg Bros. & Co., 5 M at...... | 82⅛c |
| Aug. 12 | Langenberg Bros. & Co., 5 M at...... | 82¼c |
| Aug. 12 | Ballard Messmore & Co., 5 M at...... | 82⅛c |
| Aug. 12 | C. H. Albers Co., 5 M at............ | 82¼c |
| Aug. 12 | C. H. Albers Co., 5 M at............ | 82¼c |
| Aug. 12 | C. H. Albers Co., 5 M at............ | 82¼c |

"Further answering, the defendant states that on November 20, 1903, it sold for the plaintiff 150,000 bushels of wheat for delivery under the rules of the St. Louis Merchants' Exchange in the month of December; that theretofore defendant had bought at various times between July 14th and August 15th of said year for plaintiff's account and at his instance and request for the same month's delivery; that in the month of December defendant delivered 150,000 bushels of wheat for the account of plaintiff and received the proceeds of sale therefor."

To the introduction of this evidence the appellant objected on the ground that it was not competent evidence under the petition, and that it was a variance from the petition, which objection the court overruled, and the appellant duly excepted. The respondent then read in evidence the part of the answer indicated.

Whereupon, the appellant read the remainder of the amended answer.

John T. Milliken, respondent, testified that July 14, 1903, he gave to the appellant, through its representative, on the floor of the St. Louis Merchants' Exchange, an open order for the purchase of 150,000 bushels of wheat for December delivery. He received from the appellant memoranda of purchase July 14th, August

5th, August 3rd and August 12, 1903. The respondent offered these in evidence. They were objected to as incompetent, the objection was overruled, and appellant duly excepted.

The first of these memoranda is of July 14, 1903, showing a purchase of 25,000 bushels of wheat, December delivery, at 77 1-2 cents per bushel; the purchase being made on St. Louis Merchants' Exchange.

The second is of August 3, 1903, showing a spread between St. Louis and Chicago, as follows:

St. Louis—Bought:

      25,000 December .. .... ...........82⅛c
      10,000 December ..... ......... .. ....82
      25,000 December ...... ... .. ........82¼

Chicago—Sold:

      25,000 May .... .. ... ...........`.... ..82⅜
      10,000 May ... ..... ... .. .. .....82⅜—½
      25,000 May ...... .... .. .. .........82¾

The third is August 5, 1903, showing another spread between St. Louis and Chicago, as follows:

St. Louis—Bought:

      25,000 December .... .... .. : ......82⅞

Chicago—Sold:

      25,000 May .... .. .. ..... ..... ..83½

The fourth is August 12, 1903, showing as follows:

St. Louis—Bought:

      10,000 December .... ,... ... . . ...82⅛—¼
      5,000 December .... .. .... .........82⅛
      15,000 December ..... .... ... ....82¼
      10,000 December ..... .. .. ........82¼

Chicago—Sold:

      10,000 May .... .. .. .. ..........82⅝
      5,000 May ... ..... .. .. .... .... 82⅝
      15,000 May .. ...... .... .... .....82⅝
      10,000 May ...... .... .... ........82¾

The witness stated that he told the representative of the appellant, "whenever he could buy 150,000 bush-

els of December wheat in St. Louis at one-half cent un-
der the price of May wheat in Chicago, that he could
buy the wheat at St. Louis and sell it in Chicago as a
hedge, but I had the privilege to discontinue at any
time I wanted to.'' He was asked, ''What became of
the sales made for your account by him in Chicago?''
This was objected to as incompetent. The objection
was overruled and appellant excepted. The witness
states that ''they were brought in and showed a profit
of several thousand dollars, which was paid to me.''

November 20, 1903, respondent received from ap-
pellant the following memorandum:

''We have the pleasure of confirming the following
transactions made for your account and risk to day:

''Sold 150 December wheat, St. Louis. .88½.''

After receiving this statement, witness demanded
settlement, but none was made. No payment on ac-
count of it was ever made.

The respondent offered in evidence section 13, Rule
8, Merchants' Exchange, St. Louis, which is copied in
the reply.

The appellant objected to the testimony as not
competent, for the reason that the respondent under-
took by a reply, which was a departure from the peti-
tion, to tender a totally different issue from that ten-
dered by the petition.

Upon the objection being overruled, appellant ex-
cepted, and upon the reading of the section moved that
it be stricken out on the following grounds:

That in addition to being incompetent, it showed
on its face that the only condition it could create was
one of liability in damages for the failure of persons
who were substituted for the original contractors to car-
ry out the contracts made by those original parties. It
created no independent liability on the part of the com-
mission merchant who made the trades in the first in-
stance, but simply undertook to hold him responsible
for the performance of the contracts by those with

whom they were made, in case of substitution of other persons under the contracts. That is all it undertook to do. The rules had not been pleaded by either party to the suit.

This motion having been denied, appellant excepted.

Daniel L. Moffit, over the objection of the appellant, exception being saved to the admission of the evidence, testified that he bought 150,000 bushels of wheat from the appellant in November, 1903, at 88½, for December delivery. On December 1st it was delivered, witness paying the cash. The delivery was not of any specific wheat, but merely warehouse receipts calling for 150,000 bushels.

Corwin H. Spencer testified that the words "ringing out" mean off-setting sales by purchases by the commission men as between themselves, as the contracts of purchase and sale made by them on the floor of the Exchange were made in their own names. But that this offsetting was a mere matter of convenience for the expeditious dispatch of business, and in no wise affected the relations of the commission men to their customers, who were bound to settle with their customers according to their respective contracts made in their behalf.

This was all the evidence in the case, and appellant demurred thereto, which was overruled, and appellant duly excepted.

The court then, over the objection of the appellant, instructed the jury as follows:

"The court instructs the jury that under the pleadings and evidence herein their verdict should be for plaintiff for the total sum of $10,540.78, being the amount sued for in the petition, with interest thereon at 6 per cent per annum from November 20, 1903, the date plaintiff demanded payment from defendant."

To the giving of which instruction appellant duly

excepted, and within four days filed his motion for a new trial, which was overruled, and it duly excepted.

I.   The first ground relied upon by appellant for a reversal of the judgment is, the court erred in admitting in evidence that portion of the answer offered by respondent.

The petition alleges that on "July 14, 1903, plaintiff employed defendant through its said representative to buy for plaintiff as his agent one hundred and fifty thousand bushels of number 2 red winter wheat, to be delivered in the month of December, 1903, under the rules of said Merchants' Exchange of the city of St. Louis.   Defendant accepted said commission and executed the same by buying for plaintiff's account said one hundred and fifty thousand bushels of wheat on the floor of the Merchants' Exchange in St. Louis, and reported the said purchase to plaintiff.   Thereafter, on November 20, 1903, plaintiff ordered defendant to sell the said wheat so purchased for his account, and defendant executed said order of sale and sold said wheat for defendant, realizing therefrom a net profit over and above said purchase price of $10,540.25, which said profit defendant realized as plaintiff's agent and for plaintiff's account, as will appear from the statement of said account herewith filed and made a part hereof as 'Exhibit A.' "

It will be seen from reading the allegations of the petition, in connection with the account filed therein, that the respondent charges appellant with having purchased for him 150,000 bushels of wheat in nine separate lots, each varying in price, which is stated, aggregating the sum of $122,275.00.   The petition does not state the dates of the several purchases nor the names of the persons from whom the purchases were made.

In order to prove these allegations of the petition, the respondent introduced in evidence that portion of

the answer relating to the purchase and sale of the wheat in the city of St. Louis, which stated, in substance, that appellant had purchased for respondent, at various times, between July 14th and August 12, 1903, giving the dates, seventeen different lots of wheat from different parties, naming them, aggregating 150,000 bushels, at various prices, stating them. But respondent did not offer that part of the answer relating to the purchase and sale of the Chicago wheat.

To the introduction of that evidence appellant objected; first, because it was not competent under the petition, and did not tend to prove any of the allegations thereof, but was a variance therefrom; and, second, because appellant set up the various purchases, not for the purpose of admitting that they constituted the transactions between them, but for the purpose of showing what were the real transactions between the parties, upon the theory that perhaps under a general denial the appellant might not be at liberty to go into them.

The transactions stated in the petition are totally different from those stated in the answer and introduced in evidence by the respondent.

It is a well-established rule of pleading that a party cannot state one cause of action and recover on a different one. [Weil v. Posten, 77 Mo. 287; Reed v. Bott, 100 Mo. 66; Leslie v. Railroad, 88 Mo. l. c. 54.]

It was also error for the court to permit respondent to select isolated portions of the answer and read them to the jury, when the whole answer taken together shows, as this one does, that the very object and purpose of it was to deny, not to admit, the allegations of the petition.

An answer or other pleading in a cause, when offered in evidence, should be construed by the court just as deeds or other written instruments are construed. The object to be attained in the construction of a

written instrument is to get at the real intention of the parties. [Burress v. Blair, 61 Mo. 133; Koehring v. Muemminghoff, 61 Mo. 403.] Effect should be given to the whole and every part of a written instrument. [Calloway v. Henderson, 130 Mo. l. c. 86.]

The construction placed upon the answer, instead of giving force and effect to all of its provisions, had the effect of striking out the real transaction between the parties, as stated in the answer.

II. Respondent introduced no evidence tending to prove the purchases and sales of wheat for him by appellant, as alleged in the petition, and for that reason the court should have given appellant's demurrer to the evidence.

Where the evidence furnishes no substantial support of the allegations of the petition, then it is the duty of the court to instruct the jury to find for the defendant. [Hyde v. Railroad, 110 Mo. 272.]

III. The trial court erred in giving the peremptory instruction to the jury, telling it to find for the respondent. This would have been true, even though he had introduced evidence tending to support his cause of action.

The rule is, that when the allegations of the petition are denied, and evidence is submitted to sustain the issues joined, the defendant is entitled to have the jury pass upon the evidence, though the defendant offers no evidence on his own part. [Wolff v. Campbell, 110 Mo. 114; Gregory v. Chambers, 78 Mo. l. c. 298.]

For the reasons above stated the judgment is reversed and remanded for retrial.

All concur.