## JAMES H. REYNOLDS, Appellant, v. WILLIAM E. HOOD.

### Division One, February 26, 1908.

1. **PRACTICE: Peremptory Instruction.** A peremptory instruction to find for plaintiff should not be given in any cause where his prima-facie case is not admitted, or where if admitted the defendant has introduced evidence which tends to disprove it.

2. **EJECTMENT: Title: Limitations: Peremptory Instruction.** Although the evidence shows the paper title to be in plaintiff, yet if defendant has introduced evidence which tends to show that he or those under whom he claims, had been in the open, exclusive and adverse possession for more than ten years before the institution of the suit, claiming to be the owners, the court should not give a peremptory instruction to find for plaintiff.

3. ———: ———: **Adjustment and Compromise: Estoppel.** And where there is substantial evidence that plaintiff had brought a former suit for the land in controversy and other land, and it was agreed and stipulated that, as a settlement of all adverse claims between plaintiff and defendant, plaintiff was to have judgment for a twenty-foot strip lying between their adjoining farms and defendant was to have all the rest of the land claimed by both, and such judgment was entered, and defendant moved back his fence and yielded possession of the twenty-foot strip to plaintiff, no peremptory instruction to find for plaintiff should

be given, for if that evidence was true it was a complete bar to plaintiff's action.

4. ———: **Boundary Line: Dispute: Settlement.** Where there is a dispute as to the location of the true boundary line between two adjoining proprietors, or where the line is uncertain and they are ignorant of its true location, and by agreement they fix upon a permanent boundary line and take possession in pursuance thereof, the agreement is valid and binding upon them and those claiming under them.

5. ———: ———: **Former Suit: Estoppel.** Where the judgment in ejectment was by agreement, settling the boundary line between two adjoining proprietors, and the parties have taken possession under that judgment, it operates as an estoppel between them, and is a bar to all future actions of ejectment between them for the same property; and, if defendant at the time of the former suit was claiming to own all the land and was actually suing for recovery, it is wholly immaterial whether he owned all of the land at that time or acquired it by deed or inheritance thereafter.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville*, Judge.

AFFIRMED.

*A. H. Wear* for appellant.

(1) Defendant admits his possession of the land in controversy; and plaintiff shows that it descended to him and his grantors, and no sale or transfer of the title to the same from their ancestor entitles plaintiff to recover. R. S. 1899, sec. 3060. (2) The claim of an agreement to settle the dispute of the line between plaintiff and defendant in a former suit is not sustained by the judgment entered in said former suit. That suit was instituted to recover other lands, and nothing of defendant's claim is mentioned or appears in the judgment. The defendant's statements, made to William Winters and to Frank Winters long after the rendition of such former judgment, is a complete refutation of the claim and shows that defendant did not have in mind the subject-matter of this suit at the time

such judgment was entered. The conduct of plaintiff at the time; his denial of any such agreement, and his subsequent conduct in buying up the interests of those owning the land, and doing this, too, immediately after the conclusion of the former trial—these facts and circumstances show that he had no such agreement or understanding as claimed by defendant, in his mind, and could not have thought or considered that he was agreeing to adjust his rights with respect to the land now in controversy.

*F. T. Stockard* and *Gideon & Sons* for respondent.

Where there is a dispute as to the true division line between adjoining proprietors, or the line is uncertain and they are ignorant of its true location, as in this case, and they fix and agree upon a permanent boundary line and take possession accordingly, as the circuit court in this case found that they did do, the agreement is binding on them and those claiming under them. Krider v. Milner, 99 Mo. 145; Golterman v. Schiermeyer, 111 Mo. 404; Jacobs v. Mosely, 91 Mo. 457; Barnes v. Allison, 166 Mo. 96.

WOODSON, J.—This is a suit in ejectment, instituted in the circuit court of Greene county, by the plaintiff against the defendant, to recover a certain strip of land, described in the petition, and $100 damages for the unlawful withholding the possession thereof from plaintiff, and one dollar monthly rents and profits.

This case was commenced in the circuit court of Greene county, Missouri, at the September term, 1904. The petition is in the usual form for ejectment and prays to recover the possession of the following described land situate in Greene county, Missouri, to-wit: Beginning at a point 12 rods north of the southeast cor--

ner of the northeast quarter of the northwest quarter of section 2 in township 28 of range 24, running thence north 18 feet and 6 inches, thence west 80 rods, thence south 18 feet and 6 inches, thence east 80 rods to the place of beginning, and in section 2, township 28, range 24, and for the recovery of one hundred dollars damages, and for one dollar a month as monthly rents from the rendition of judgment until the premises are delivered to plaintiff.

The answer of the defendant (omitting the caption and style of cause) is as follows:

"Now at this day comes the defendant and for answer to plaintiff's petition admits that he is in the possession of the strip of land, or premises, sued for by the plaintiff, but denies each and every other allegation in plaintiff's said petition contained.

"And for another further separate answer and second defense to plaintiff's said petition, states that on the 21st day of August, 1897, the plaintiff filed an ejectment suit in this court against the defendant, asking for the possession of the north thirty-four and eighty one-hundredths acres of the said northeast quarter of the northwest quarter, said section, township and range, and that the division or true line between their premises, then being uncertain, unsettled and unknown to both the plaintiff and defendant, as a compromise and settlement of all differences between them as to the true division line, it was agreed by and between them that the true line dividing their respective tracts of land was twenty feet south of the plaintiff's fence as then located, and that this court might render such a judgment fixing the true line between this defendant and the plaintiff, and in pursuance of said agreement, compromise and adjustment, and in confirmation thereof and the settlement of the line between plaintiff's and defendant's possessions, this court did on the 11 day of October, 1897, render the following judgment:

" 'J. H. Reynolds, Plaintiff,

v.

W. E. Hood, Defendant.

" 'Now at this day come the parties, plaintiff and defendant, by their respective attorneys. Whereupon, by agreement of said parties, judgment is entered herein in favor of the plaintiff and against the defendant for a strip of land twenty feet wide south of the fence as now located on the land in dispute in the northeast quarter of the northwest quarter of section 2, township 28, range 24, and being so entitled to the possession thereof, the said defendant unlawfully withholds from plaintiff the possession thereof. It is therefore considered, adjudged and ordered by the court that the plaintiff have and recover of and from the defendant the possession of the strip of land twenty feet wide south of the fence as now located on the land in dispute, together with all costs in this behalf laid out and expended, for which execution may issue.'

"Which said judgment is recorded in this court in Circuit Court Record No. 60, at page 524.

"And thereupon this defendant paid all costs of said suit, and in pursuance of said compromise, agreement and judgment this defendant at great costs, expense and labor immediately moved his said fence twenty-two feet south of where said fence was then located, where the same now is and has remained since the year 1897, and plaintiff is estopped from claiming the same.

"And for another and further answer and third defense to plaintiff's said petition, says that he has been in the open, notorious, exclusive, continuous, adverse possession of the premises sued for by the plaintiff for more than ten years before the commencement of this suit, claiming to be the sole owner thereof.

"Wherefore, the defendant prays the court to be discharged with his costs."

The replication of plaintiff was general denial of the new matter set up in defendant's answer.

The case was tried by the court without the intervention of a jury.

David D. Reynolds was the common source of title, and the plaintiff is one of his grandsons. On and prior to August 21, 1897, the plaintiff, by inheritance and mesne conveyances, acquired title to the strip of land in controversy, excepting a small interest, which does not affect the legal propositions herein involved. The defendant was in possession of the land at the time of the institution of the suit. The value of the annual rents and profits was five dollars.

The defendant's evidence tended to prove that he had been in the open, notorious, exclusive and adverse possession of the premises for more than ten years, next before the institution of this suit. He also introduced evidence which tended to prove that on and prior to August 21, 1897, he was in possession of not only the strip of land now in controversy, but was also in possession of an additional strip of land, twenty feet in width, adjoining thereto on the north and extending the entire length thereof; that on and prior to said date both the plaintiff and defendant claimed to own all of said land, that is, both of said strips of ground, and that on said day the plaintiff sued the defendant in ejectment for the possession of all of said land; that said land was situated between plaintiff's and defendant's farms, and that the true boundary line between them was unknown to either of them, and its exact location was in dispute, both claiming all of said land. That during the pendency of said suit, they effected a compromise as to the true boundary between them, defendant agreeing to give to plaintiff the said strip of land twenty feet in width in consideration that defendant would relinquish all claim to the strip now in suit; that in pursuance to that agreement and in adjustment of

their differences, the judgment pleaded in the answer was, by agreement of parties, rendered in said suit. That after the rendition of the judgment, and in pursuance thereof, he moved his fence south twenty feet and thereby surrendered the possession of that twenty feet strip to plaintiff, and retained possession of the strip of land now in controversy in pursuance to said agreement and judgment; for several years prior to August 21, 1897, and ever since that date, he has been in the open, notorious, exclusive and adverse possession of said land, claiming to own it by virtue of his original rights thereto; and ever since the date of the rendition of said judgment, he has also claimed to hold and own the title to said land by virtue of said agreement and judgment.

In rebuttal, the plaintiff introduced evidence tending to rebut and contradict defendant's evidence regarding the agreement mentioned; and also to contradict his evidence regarding his title to the land by adverse possession.

At the close of all the evidence, the plaintiff asked, and the court refused, a mandatory instruction, telling the jury to find for the plaintiff, to which action of the court the plaintiff duly saved exceptions.

The plaintiff also asked for the following instruction which the court refused, to which action the plaintiff duly excepted, to-wit:

"6. The plaintiff, not being the owner of the interests of his grantors as shown in the evidence in this suit at the commencement of the former suit between plaintiff and defendant for the possession of other lands contiguous to the land in controversy, any judgment or settlement as to such other lands could not affect the land sued for in this case."

The court then found the issues for the defendant, and entered judgment accordingly, and in due time

and by proper steps the plaintiff took an appeal to this court.

I. The appellant asks for a reversal of the judgment of the trial court, because, he contends, the record shows that respondent was in possession of the land at the time of the institution of the suit, and that the title thereto descended to him and his grantors, and that it fails to show a sale or transfer of that title from him to the respondent. It is for that reason appellant insists that his peremptory instruction should have been given.

Conceding all appellant's claims to be true, yet the court properly refused to give the peremptory instruction asked, for two reasons: first, because the record shows there was evidence introduced by respondent which tends to prove he had acquired appellant's title to the property by adverse possession; and, second, for the reason that the record discloses the fact that there was evidence introduced which tended to show that appellant and respondent were adjoining proprietors, and the true boundary line between them was unknown and in dispute, and that by agreement they fixed a permanent line, by respondent giving possession of the strip of land twenty feet in width, mentioned in the evidence, to the appellant, in consideration that the latter would relinquish all claims he had to the strip now in controversy.

It is improper to give a peremptory instruction to find for plaintiff in any cause where his prima-facie case is not admitted, or where if it is admitted the defendant has introduced evidence which tends to disprove that prima-facie case. In either of those cases the jury must weigh the evidence and pass upon the facts. [Milliken v. Commission Co., 202 Mo. 637, l. c. 655.]

The law is well settled, that where the evidence submitted at the trial of an action at law by the plain-

tiff and defendant, respectively, is conflicting, the findings of the trial court are conclusive upon this court, and we will not undertake to say on which side the weight of the evidence lay. [Blanton v. Dold, 109 Mo. l. c. 69; Dobbins v. Humphreys, 171 Mo. 198, 202; James v. Life Ass'n, 148 Mo. l. c. 15, 16.]

The trial court had before it the witnesses who testified, and had the opportunity of observing their demeanor on the witness stand and their manner of testifying. It was in much better position to judge as to the weight to be attached to the testimony of the respective witnesses than this court can possibly be. Even in equity proceedings, where the right of this court to review the evidence is unquestioned, the uniform practice of this court is to defer somewhat to the findings of the trial court on issues of fact, and to refuse to reverse a judgment of the lower court on the ground that the findings were against the weight of the evidence. [Kittredge v. Bldg. Assn., 103 Mo. App. 361; Johnson v. Realty Co., 177 Mo. 595, 597.]

II. It is equally well settled in this State, that where there is a dispute as to the location of the true boundary line between two adjoining proprietors, or where the line is uncertain and they are ignorant of its true location, and, by agreement, they fix upon a permanent boundary line and take possession in pursuance thereof, then the agreement is valid and binding on the parties thereto and those claiming under them. [Krider v. Milner, 99 Mo. 145; Goltermann v. Schiermeyer, 111 Mo. 404; Barnes v. Allison, 166 Mo. 96.]

The finding of the court in favor of the respondent upon this question is conclusive upon this court.

III. It is finally insisted by the appellant that the court erred in not giving instruction number six, asked by him, which told the jury, in effect, that the plaintiff not being the owner of all the interests of his grantors

to the land in controversy at the commencement of the former suit between plaintiff and defendant for the possession of the other lands mentioned in evidence, that any suit could not be a bar to this present suit.

The action of the court in refusing this instruction was proper, for the reason that it ignores all the evidence of the settlement of the boundary line between them by agreement.

While, ordinarily, it is true a judgment in an ejectment suit is not a bar to another between the same parties regarding the same land; yet where that judgment was, by agreement, based upon a valid contract settling the boundary line between two adjoining landed proprietors, and the parties have taken possession under that judgment, as in this case, then the judgment operates as an estoppel between the parties, and is a bar to all future actions of ejectment between them regarding the same property, and it is wholly immaterial whether he owned all of the land at that time or not, since the evidence tended to show, and the court found, that he was claiming to own all of the land and was actually suing for recovery.

The answer sets up an equitable defense, and the court found the facts therein stated to be true, which is a perfect bar to an action in ejectment. [Chouteau v. Gibson, 76 Mo. 38.]

Finding no error in the record, we are of the opinion that the judgment should be affirmed.

All concur.