A. B. HUNTER, JR., Respondent, v. ST. LOUIS SOUTHWESTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 21, 1910.

1. APPELLATE PRACTICE: Conflicting Testimony. The appellate court will not weigh conflicting testimony.

2. COMMON CARRIERS: Carriage of Stock: Negligence: Recovery on Theory not Pleaded. Where the only cause of action declared on in the petition was defendant railroad's negligent failure to transport plaintiff's hogs promptly, plaintiff could not recover for injuries to the hogs while being loaded or unloaded by defendant's employees.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*S. H. West* and *Wammack & Welborn* for appellant.

(1) When a party bases his action on specific negligence, he must prove the negligence relied upon and that the injury resulted from it. Hurst v. Railroad, 117 Mo. App. 37. And he must recover, if at all, on the cause of action stated in the petition and not on one stated in the reply. Mathieson v. Railroad, 118 S. W. 12; Milliken v. Com. Co., 202 Mo. 654. (2) When animals are shipped under a written contract, such as the one in this case, the giving of the notice, required by the contract, is a prerequisite to the right of recovery on account, of damaged condition, shrinkage, fall in market, or loss occasioned by the death of any of the animals. Smith v. Railroad, 112 Mo. App. 614; Bank v. Railroad, 119 Mo. App. 14; Bellows v. Railroad, 118 Mo. App. 500; Freeman v. Railroad, 118 Mo. App. 530; Meriweather v. Railroad, 128 Mo. App. 647.

*Traylor & Baker* for respondent.

Respondent recovered on the cause of action stated in his petition, he alleged negligence and carelessness in the premises and an unreasonable delay in transporting said hogs, and bad condition by reason thereof, the court found that the testimony bore out these facts and so found. Again should plaintiff recover judgment on his reply, and defendant made no objection in the trial court, that the reply departed from the petition, could not be heard to assign for error, that the plaintiff's judgment is not supported by his petition. Defendant made no objection in the case at bar. Phillips v. Barnes, 105 Mo. App. 421.

GOODE, J.—Action for damages suffered by delay in the transportation of a carload of eighty-three hogs, shipped from LaForge, in New Madrid county, to East St. Louis, Illinois. It is averred the usual time for transportation between said points was twenty-four hours, but about fifty hours were consumed in transporting plaintiff's hogs; that in consequence eight of them died en route, causing plaintiff to lose $172.90; the remainder sold at ten cents a hundred pounds less than they would have brought if in good condition; that said condition was due to their being stiff and sore, thus causing a loss to plaintiff of $19.26; that the market for hogs like plaintiff's had gone down fifteen cents a hundred pounds during the delay, thereby entailing a loss on plaintiff of $28.89, and the hogs which went through lost 1500 pounds in weight, whereby plaintiff was damaged $99.75.

In this case, and probably in half those submitted to us, an assignment of error is made which comes down to a demand that we weigh conflicting testimony, and it seems impossible by endless iteration to induce counsel to refrain from urging this contention. The evidence is overwhelming in the present case to show a delay occurred in the transportation of the hogs and damage was suffered in consequence.

It is further contended that though the only cause of action declared on in the petition was negligent failure to transport the hogs from the point of shipment to destination in twenty-four hours when by reasonable diligence this could have been done, instead of fifty hours being consumed, the court allowed plaintiff to recover for other reasons, and this point is well taken. The first declaration of law granted for plaintiff permitted a recovery not only in the event defendant was found to have delayed the carriage of the hogs from negligence, but also in case it was found the employees of defendant injured the animals while loading or unloading them on the way. As nothing was said about

negligence in this respect in the petition, defendant was not called on to meet the issue and the supposed fact should not have been predicated in the declaration as a ground for a verdict in plaintiff's favor. [Mathieson v. Railroad, 219 Mo. 542, 118 S. W. 9: Milliken v. Com. Co., 202 Mo. 637, 100 S. W. 604.]

The judgment is reversed and the cause remanded. All concur

