Alta REEVES, Executrix, Plaintiff-Respondent,

v.

Glenn W. SMITH, Defendant-Appellant.

No. 25472.

Kansas City Court of Appeals, Missouri.

June 7, 1971.

James J. Wheeler, Keytesville, for defendant-appellant.

Chapman & Chapman, by Nolan Chapman, Jr., Chillicothe, for plaintiff-respondent.

DIXON, Commissioner.

Plaintiff executrix filed suit upon a note dated May 28, 1948, executed by the defendant, Glenn Smith, and payable to his wife, Victoria E. Smith. At the close of the evidence, the court directed a verdict for the plaintiff for $5,186.40 principal of the note, $6,830.12 for interest, and $1,201.-65 for attorney fees. Defendant pleaded, among other defenses, the defense of payment.

Plaintiff, Alta Reeves, is the sister of Victoria E. Smith, who died March 11, 1968 at the age of 76. The defendant, Glenn W. Smith, was the husband of Victoria E. Smith, and he was 76 or 77 years old at the time of her death.

Victoria E. Smith and the defendant were married first in 1919. Victoria E. Smith owned an 80-acre farm where the parties resided as husband and wife. In 1948 Glenn and Victoria separated, and a divorce was obtained by Victoria. Consequent to the divorce, the property settlement provided for the payment to Victoria of $5,186.40 by a promissory note in the tenor of the note in evidence, and she agreed to and did convey her interest in a separate farm of 160 acres to the defendant. Defendant executed a deed of trust covering the 160 acres which was recorded and which secured the note in evidence. The estrangement lasted at most a year, Glenn Smith and Victoria ending the separation by remarriage in 1948 or early 1949.

They resumed the matrimonial domicile on the 80 acres, and for twenty years lived in the same house as husband and wife. During at least the last eight years of the marriage, the defendant occupied a bedroom on the second floor of the house which was described as the "southwest bedroom." At the time of her death and for sometime prior thereto, Victoria had occupied either the "southeast bedroom" of the house or a downstairs bedroom. On the date of Victoria's death, March 11, 1968, her sister, the plaintiff, had been in the home approximately five weeks. On the day following the death of her sister, plaintiff went to the "southwest" bedroom occupied by the defendant and obtained some cash from a "vanity" in that room and took it to a bank in Brookfield where she deposited it. A few days after the death of her sister, and on the day plaintiff was to return to her home in Kansas City, she went to the southwest bedroom and took some papers from the "vanity." On neither of these visits to his room was the defendant present. Plaintiff asserts that these papers were described to a witness present as a note and shown to the witness. The witness said plaintiff referred to the papers as the "agreement" and that they were not shown to her. The original deed of trust was never produced.

Plaintiff asserted that the "note" was in a drawer where items of feminine apparel were stored. Her evidence and that of another witness indicates that the "vanity" also contained items of male apparel. Plaintiff did not tell the defendant she had taken the note, and she did not display the note to the inventory appraisers on April 15, 1968 when the inventory in her sister's estate was filed. The inventory appraisers both testified that they had not seen the note prior to the signing of the inventory. Upon a later demonstration, they both refused to sign an amended inventory including the note. Three to four weeks prior to the death of Victoria, the defendant executed jointly with Victoria a deed conveying to the plaintiff the 80 acres and house. The plaintiff admitted that at the time of the remarriage Victoria E. Smith and the defendant had agreed "to call things square and go back together." Marjorie Barnhart, who had stayed with Victoria and the defendant at intervals during Victoria's final illness to "help out," testified for defendant. She related a conversation with Victoria approximately two weeks before her death in which Victoria asserted that the defendant didn't "owe anything." The defendant also called Kathryn Kirtley as a witness. Kathryn described herself as an "adopted daughter" and testified unequivocally to a statement by Victoria E. Smith that the defendant "had 160 acres free and clear and none owed." The evidence is not clear as to the time this statement was made, but the line of inquiry indicates it was in the final weeks of Victora's illness, close in point of time to the conveyance of the 80 acres.

Defendant has urged that the trial court was in error in directing a verdict for the plaintiff. He asserts that there was sufficient evidence of payment which defendant had pleaded affirmatively as a defense to require the submission of that question to the jury.

When a party having the burden of proof has adduced substantial evidence on a pleaded issue, that issue must be submitted to the jury. The direction of a verdict *against* the party having the burden of proof in such circumstances is erroneous and requires reversal. McNamee v. Ehrhardt, Mo., 433 S.W.2d 318. Decisions announce the cognate principle that a verdict may be directed *for* the party having the burden of proof only in "unusual" or "exceptional" circumstances. Auffenberg v. Hafley, Mo.App., 457 S.W.2d 929. Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, 287. Zagarri v. Nichols, Mo., 429 S.W.2d 758, 760.

Thus, where a verdict is directed *for* the plaintiff, the plaintiff's proof must be so clear and unequivocal and of such a nature as to permit no reasonable inference contrary to the verdict directed. This commonly arises where proof is entirely documentary or the facts upon which it rests are admitted. Latta v. Robinson Erection Co., 363 Mo. 47, 248 S.W.2d 569, 577. J. R. Watkins Company v. Smith, Mo.App., 421 S.W.2d 527. Commerce Trust Company v. Howard, Mo., 429 S.W.2d 702.

So is the converse of these propositions demonstrably true and implicit in the rule stated. Where substantial evidence is in the record supportive of an affirmative defense pleaded to plaintiff's petition, the defendant is likewise entitled to the benefit of the same rules. He may not have a verdict directed *for* plaintiff and *against* him in such circumstances. Beasley v. Marsh, Mo.App., 40 S.W.2d 747, 749. Knufinke v. Strobel, Mo.App., 3 S.W.2d 400. Reynolds v. Hood, 209 Mo. 611, 108 S.W. 86, 89. Glasse v. King, Mo.App., 195 S.W. 521. Nor may he have a verdict directed *for* him and against plaintiff except in the same "unusual" and "exceptional" circumstances which entitle the plaintiff to such direction. Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99.

**716**

"In ruling whether defendant made a submissible defense the evidence and reasonable inferences therefrom are considered in the light most favorable to defendant and plaintiff's evidence is disregarded unless it supports defendant's defense." Koogler v. Mound City Cab Company, Mo., 349 S.W.2d 233, 237.

When we look to this evidence in the light of these principles, there can be little question but that there was "substantial" evidence upon which the jury could have found for defendant on the issue of payment.

Two separate witnesses testified to statements by the decedent that defendant "owed nothing" and that his 160 acres was "clear." The evidence concerning possession of the note at the time of death is at best equivocal. An inference of possession by defendant is at least as likely as an inference of possession by Victoria. Possession of the note by defendant would have supported an inference of payment. Lewis v. Home Land & Loan Co., Mo., 173 S.W.2d 53. An inference of payment could also have been drawn from decedent's statements. Fraker v. Calvey's Estate, Mo.App., 259 S.W. 509, 510. Plaintiff herself admitted "they had called things square" at the time of the remarriage. The issue of payment pleaded by the defendant should have been submitted to the jury.

The judgment is reversed and remanded for a new trial.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.