RAY CRANE, Respondent, v. KANSAS CITY SOUTH-
ERN RAILWAY COMPANY, et al., Appellants.

Kansas City Court of Appeals, April 29, 1918.

1. **PERSONAL INJURY: Plaintiff's Inexperience: Pleading.** In a personal injury case it is error to allow plaintiff to prove his inexperience unless it was pleaded and proven that the defendant knew he was.

2. **EVIDENCE: Control of One Party: Presumption: Exception.** The rule that "all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted," does not apply against a party not calling a witness where such witness is equally accessible, or under the control of the other party.

3. **RAILROAD CROSSING: Material: Character of Crossing: Duty.** In constructing a railroad crossing it is required by statute to be made of gravel, macadam or planks, and that the plank outside each rail, shall be approached by gravel or macadam six inches deep substantially and properly joined up to the plank. It is also required that the crossing shall be "good and sufficient." So where a crossing is defectively made of gravel inside the rails, if the plank would have made it good and sufficient the railway company would be negligent in not using plank. And so if gravel and macadam on the outside of the rails could not be joined up to the outside planks without the use of cement, it would be the duty of the company to use cement, though it is not mentioned in the statute.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas*, Judge.

REVERSED AND REMANDED.

*Reed & Harvey, Cyrus Crane* and *Hugh Martin* for appellants.

*E. H. Gamble* for respondent.

ELLISON, P. J.—Plaintiff's action is for personal injury received by falling from a wagon drawn by two mules.

He instituted his action against three defendants, viz; Kansas City Southern Railway Company. The St. Louis and San Francisco Railroad Company and the Davidson Construction Company and recovered judgment against all three in a lump sum. The railroad companies are lessor and lessee.

The construction company had plaintiff in its employ and directed him to haul a load on the wagon over a road that led down a hill and across the Southern railroad at a public crossing not quite at the bottom of the hill, to a point beyond. The wagon was equipped with the usual sized ''bed,'' across the bed was a hay rack extending over its sides and on this some flat sheet iron was laid and on top of these, towards the front, there was a metal chicken house and some fence posts had been pushed into it. There was no brake on the wagon and the hill was long and somewhat steep. Two mules were hitched to the wagon and plaintiff sitting in front on the edge of the hay rack and his feet on the doubletrees, started as directed. In going down the hill, there being no brake on the wagon, the mules could not be held back properly and in consequence approached the crossing at too rapid a gate for a wagon loaded as this one was. The wagon struck the crossing, got over and several feet on the other side, when plaintiff fell, or was thrown therefrom to the ground, ran over and severely injured.

The crossing was not such as is required by the statute (Sec. 1, Laws 1915, p. 696; Sec. 10626, R. S. 1909). It had been provided with boards on each side of each rail and gravel placed between, but the boards had become worn down and one was partly split off. So the gravel and earth adjoining and on the outside of the rail which plaintiff approached and first struck with the wagon, had been allowed to wear away leaving the rail itself higher above the surface than was safe. Without going into detail it is enough to say, that the rapidly moving wagon, without a brake, and it cumbersome, unsecured load, together with the rough and improper

199 M. A. —29.

crossing, caused plaintiff to be thrown, or to fall to the ground.

The acts of negligence alleged in the petition against the construction company are separate, viz., improper bits on the bridles, unbroken mules, failure to secure the load on the wagon and absence of a brake. Plaintiff does not necessarily need to prove all of these; either, if a proximate cause will suffice. There was no evidence as to the bridle bits being unfit, or that the mules were wild and so the court instructed; but there was evidence tending to prove the allegation as to the insecurity of the load and that there was no brake on the wagon, and this fully justified the court in refusing the peremptory instruction offered by the construction company.

There were, however, errors in the course of the trial materially affecting the merits of the case under the issues. Plaintiff was allowed to introduce evidence that he was inexperienced in the service in which he was engaged, when there was no allegation in the petition that the construction company knew it, nor was there any proof that it knew it. [Batesill v. Smelting Co., 190 Mo. App. 231, 239; Fulwider v. Gas Co., 216 Mo. 528, 597.] This was harmful to all of the defendants.

Plaintiff was also allowed to prove that he had been examined as to his injuries by a doctor suggested by one of the Construction Company's attorneys, this doctor was not called as a witness by either party, but plaintiff had introduced another doctor who testified as to his injuries, and his object in showing the examination by the doctor suggested by defendant's attorney was that the jury might be advised that the testimony of plaintiff's doctor must be true, else defendant would have contradicted it, if he could, by the other doctor. There is a rule that, "All evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted." [Kirk v. Middlebrook, 216 Mo. 245, 288; Powell v. Railroad, 255 Mo. 420, 447.] But that rule finds application in instances where the party failing to call a witness, or to produce matters of evidence,

has the advantage of the other by having the witness, or matter of evidence, within easier control. [Bank v. Worthington, 145 Mo. 91, 103; Kersher v. Vorweg, 130 Mo. 196, 201; Bent v. Lewis, 88 Mo. 462, 470.] In these cases it is said that "Ordinarily the circumstance that a particular person who is equally within the control of both parties is not called as a witness, lays no ground for any presumption against either." This was harmful to all the defendants.

Defendants the Southern Railroad Company had a station agent at a village near a half mile from the crossing. It seems that he had made a written unsworn statement as to the circumstances attending plaintiff's passage over the crossing. It was offered and admitted while he was testifying, as a witness, not as matter of impeachment, but as substantive proof of the matters it contained. This evidence was brought out by the St. Louis and San Francisco Railway Company, but it was objected to by the Construction Company and was error as to it.

As the case is to be retried we will state our view as to the duty of the railways in the matter of the construction of the crossing. It is alleged in the petition and it was shown that the railroad having been built on descending ground, or side hill, the crossing could not be properly constructed, that is, made "good and sufficient" as required by the statute, if made of macadam or gravel, "without binding the gravel or macadam with cement. or other binding material, or the employment of some other adequate means to keep it in position." The railway company insists that plaintiff, by these allegations, has shown himself to be without a case. Their instance is based on the statement that they were not required to cement the gravel or macadam. The requirement of the statute is that a railroad company must "maintain good and sufficient crossings, . . . to be constructed of material and in the manner following: On each side of each rail shall be laid and evenly spiked to the cross ties a plank of good sound timber of not less than ten inches in width and three inches in

thickness, . . . The space between the inside planks shall be filled with macadam or gravel or two inch boards evenly with the top of the planks, and shall make good and sufficient approaches thereto of equal width and of easy grade; the same shall be covered with macadam or gravel to a depth of not less than six inches and shall be subtantially and properly joined up to the plank required to be laid on outside of each rail.'' It will be noticed that the material to be used between the planks inside and next to the rails is gravel or macadam, ''or two-inch boards;'' and that the six-inch macadam or gravel for approaches to the rails ''shall be substantially and properly joined up to the plank required to be laid on the outside of each rail.''

Therefore, when the company chooses lose macadam or gravel, and it is seen that, for any reason it will not make ''a good and sufficient crossing'' at any particular place, the company should bind, or otherwise solidify it, or else it should use boards, the other material permitted by the statute. The idea being, that if out of the material prescribed by the statute a good and sufficient crossing can reasonably be made it should be done. And so of the approaches to the crossing, it is required, not only that they shall be of macadam or gravel, but that such material ''shall be properly joined up to the plank.'' If this joining cannot be kept securely and reasonably in place in one way and could be by some other, even though it required the use of cement, or other mode which could reasonably be adopted, it should be done.

These observations show that the trial court rightly refused the demurrer of the railway company's.

It was not necessary that plaintiff should prove each act of negligence charged in his petition, nor do we think, as claimed by defendants that the charges of negligence constitute one inseparable chain with a necessity to prove each link. Other matters have been discussed which may not arise again.

The judgment is reversed and cause remanded. All concur.