JOSEPH G. CLARKSON, Defendant in Error, *vs.* L. L. STANCH-FIELD, *et al.*, Plaintiffs in Error.

1. *Practice, Supreme Court—Absence of bill of exceptions.*—No bill of exceptions appearing in the record, the Supreme Court cannot review the action of the court below, upon motion and affidavits to set aside the judgment.

2. *Ejectment—Title—Judgment—Possession.*— The purpose of the action of ejectment is to try title, and it is not error for the judgment to declare ownership in the plaintiff, when the petition demands only possession of the premises.

3. *Ejectment—Possession—Disclaimer—Judgment.*— A "disclaimer" of possession by defendant in ejectment, is nothing more than a denial of one of the facts necessary to sustain the plaintiff's action. The finding for the plaintiff on the issues is conclusive against the defendant as to possession, and entitles the plaintiff to judgment.

*Error to Wayne Circuit Court.*

*Kitchen, Pope & McGinnis,* for Plaintiffs in Error.

I. The issue of ownership was not before the court and it should not have passed upon it in its judgment.

II. Plaintiff in his reply to the separate answer of Hull & French, does not traverse their disclaimer of title to, and possession of all except a part of "east one-half of south one-quarter." The issue then was upon defendant's possession of this part of "east one-half of south one-quarter," if that issue was found against defendants, judgment should have been given for possession of that part alone and for the damages to that. The judgment in ejectment can go no further than to 'take from defendants the possession of the real estate in his possession, when suit was brought, and damages. Judgment is for possession of the 240 acres; more than was embraced in the issue before the court.

III. "If error is apparent on the face of those pleadings, which constitute the record proper, we will reverse the cause whether any exception was taken or not;" (38 Mo., 489,) and "if the judgment be erroneous it will be reversed though no motion be made to set it aside in an inferior court." (Whit. Prac., 516, and authorities cited.)

*Whittelsey and B. Zwart,* for Defendant in Error.

I. The defendants not having made the action of the court upon the motion to set aside the judgment, filed at a term subsequent to the judgment, part of the record by bill of exceptions, this court cannot consider such motion. (Hoyt vs. Williams, 41 Mo., 270; Gramp vs. Dunnivant, 23 Mo., 254; Bateson vs. Clark, 37 Mo., 31; Richardson vs. George, 34 Mo., 104 and note; State vs. Bacheler, 15 Mo., 208; Mechanics' Bank vs. Klein, 33 Mo., 559; Hart vs. Walker, 31 Mo., 26; Whit. Prac., §§ 384, 5, 6; *Id.,* p. 489.)

II. There being no error of record apparent, there is no irregularity shown for which the judgment should be set aside or reversed. Plaintiff therefore asks an affirmance of the judgment of the Circuit Court.

LEWIS, Judge, delivered the opinion of the court.

This was an action of ejectment against four defendants. When the cause was reached for trial, the plaintiff dismissed as to one defendant. The other three having answered, but not further appearing, the cause was submitted to the court without a jury, whereupon the finding and judgment were for the plaintiff, for recovery of possession and $1,650 damages, with $10 for monthly value until surrender of the premises. No motion for a new trial was filed, nor does any bill of exceptions appear in the record.

The transcript before us presents a motion filed by defendants at the next succeeding term, to set aside the judgment, together with sundry affidavits in its support. The motion would appear to have been overruled. But none of these matters were preserved in a bill of exceptions. By a rule well established and generally known, we are therefore precluded from bestowing any attention upon them. (Brown vs. Foote, 55 Mo., 178.)

The counsel for plaintiffs in error, urge that there are sufficient grounds for reversal appearing in the record proper. One is, that, while the petition demands only possession of the premises, the judgment declares that the plaintiff is

"owner of" and entitled to possession of them—thus giving him more than he has asked for. There is nothing in this objection. The whole spirit and purpose of the action of ejectment is to try title and, by the very terms of the statute, the plaintiff could only recover against a defendant "not having a better title" than his own. The reference to ownership in the judgment, introduces no new element of recovery and, if objectionable at all, it can only be as surplusage.

It is also insisted that the defendants in their answers, "disclaimed" possession or title as to a large part of the land sued for, and therefore the judgment is erroneous in not excepting so much out of the recovery. This is equivalent to saying that the plaintiff could not recover upon his petition and proofs, but only on the defendant's answer without proofs. Possession by the defendant is one of the facts which a plaintiff in ejectment must allege and prove. The defendants in this case denied that fact as to all the land except 20 acres. The finding of the court, on the pleadings and "the evidence introduced," was against them on that issue, and there was the end of it.

We find no error in the record proper, and as no other matter is properly before us, the judgment must be affirmed. The other judges concur.