KERSTNER v. VORWEG *et al.*, *Appellants.*

Division Two, October 11, 1895.

1. **Ejectment**: EQUITY.  An equitable defense does not convert an action of ejectment into one in equity.

2. ——— : ——— : FRAUD.  Where in ejectment the defendant sets up that the conveyance under which plaintiff claims title was made in fraud of the grantor's creditors, the burden of proof is on defendant and the fact that plaintiff did not testify as to its *bona fide* character will not, in the absence of substantial evidence of the fraud, warrant a reversal of the judgment.

3. **Evidence**: WITNESS: PRESUMPTION.  The circumstance that a particular person who is equally within the control of both parties is not called as a witness will ordinarily afford no ground for any presumption against either.

*Appeal from Cape Girardeau Court of Common Pleas.*—
HON. ALEX. ROSS, Judge.

AFFIRMED.

*J. B. Dennis* and *F. E. Burrough* for appellants.

The fact that plaintiff did not take the witness stand and testify to the *bona fide* character of the conveyance to him requires a reversal of the judgment of the trial court.  *Eck v. Hatcher*, 58 Mo. 235; *Bent v. Lewis*, 88 Mo. 471; *Baldwin v. Whitcomb*, 71 Mo. 651; *Maberry v. McClurg*, 74 Mo. 574.

*B. F. Davis* and *W. H. Miller* for respondent.

(1) A deed by a judgment debtor made before judgment to a *bona fide* purchaser but recorded after

judgment and before execution sale takes precedence over a sheriff's deed. *Sappington v. Oeschli*, 49 Mo. 247; *Black v. Long*, 60 Mo. 181; *Fox v. Hall*, 74 Mo. 315. (2) The judgment should not be reversed because plaintiff himself did not testify as a witness. *Diel v. Railroad*, 37 Mo. App. 454.

GANTT, P. J.—Plaintiff recovered judgment in ejectment, in the circuit court of Cape Girardeau county, for the possession of four town lots in the city of Cape Girardeau, conveyed to him by Christain Hirsch, Sr., in his lifetime for the consideration of $450, by a deed dated March 27, 1889, and recorded January 13, 1890. Defendants admitted possession and relied on an equitable defense, as to three of the lots, founded upon a sheriff's deed of date February 1, 1890, which deed was based on a judgment against Hirsch of date September 26, 1889. It was alleged in the answer that plaintiff was a son-in-law of said Hirsch; that the conveyance of said lots to plaintiff by Hirsch was fraudulent and was made to evade the enforcement of Hirsch's debts and that plaintiff took with knowledge and with a view of assisting Hirsch in his fraudulent purpose. Plaintiffs in their reply denied the charge of fraud. Neither party requiring a jury the cause was tried to the court and a finding and judgment was rendered for plaintiff.

It was admitted on the trial that Christian Hirsch was the common source of title. A warranty deed to all these lots from Louis Houck and wife to Hirsch, dated July 23, 1883, duly acknowledged and recorded, was read in evidence without objection; also a deed from Christian Hirsch and wife to Claus Kerstner, the plaintiff, for the same lots, of date March 27, 1889, acknowledged April 13, 1889, and recorded January 13,

1890. Rental value was shown and the possession of defendants.

The defendants offered evidence tending to prove that Mrs. Frank, the plaintiff in the execution against Hirsch, employed Charles Kempher to collect the debt upon which the judgment is founded, in February, 1889; that Hirsch said he would see Mrs. Frank; that Hirsch afterward said he thought he had paid her enough and would pay no more; that Vorweg, one of the defendants, bid in the lots, and sheriff's deed was made to himself and John A. Frank; that he took possession under that deed and retained it until this suit was commenced, employed Judge Wilson and the county clerk to search the records, and they reported there were no deeds or incumbrances on the lots. On the day of sale Mr. Cramer gave public notice that the lots belonged to Mr. Kerstner; that he heard the notice but thought the judgment would hold the land and so purchased it. He found the gates locked and a notice to trespassers signed by Kerstner. He broke the locks and took possession and tore down the signs. Hirsch died insolvent in 1890.

Weisenstein, a laborer, testified Hirsch told him, about a year before his death in February, 1890, the lots were his; that he cut the hay on the lots for Hirsch in June, 1889. He believed Hirsch hauled it to his stable.

Christian Hirsch, Jr., was called by defendants and testified that he was collector of revenue of the city. Previously had been marshal and collector. Plaintiff was his brother-in-law. Could not state his father's financial condition on March 29, 1889; knew nothing of his indebtedness to Mrs. Frank. His father was running a saloon and boarding house in Cape Girardeau in his own name six or more months before he died. No letters of administration were taken out on his

estate. He had no real estate but these lots, for a year or two prior to his death. McGinness was in possession of the lots in 1891. Kerstner got some oats from there for witness.

P. H. Englemann, clerk of the common pleas court, testified that Christian Hirsch was running a saloon and boarding house in his own name when he made the deeds to the lots to plaintiff. Witness took the acknowledgment to this deed. There was no administration, but he did not know why there was none.

No instructions were given and none refused. The motion for new trial assigned three grounds, viz.: "The finding was against the evidence; the finding was against the law; the court erred in disregarding the fact that Claus Kerstner, plaintiff, and who alone knew of the actual *bona fides* of the transaction in dispute, was not produced by plaintiff to testify in the action."

I. This is an action at law. The fact that the answer contained an equitable defense did not change the character of the action and convert it into a case in equity. *Carter v. Prior*, 78 Mo. 222. It follows that the principles governing appeals in law cases as contradistinguished from appeals in equity must control in its disposition in this court.

No exceptions were taken and saved to the introduction or rejection of any testimony. No declarations of law were given or refused, and, under the assignments of error in the motion for new trial, the sole question for review is whether there was substantial testimony to support the finding and judgment of the circuit court. *Garland v. Smith*, 127 Mo. 567.

Beyond all cavil the plaintiff established a perfect paper title and proved the ouster as laid in his petition and there was ample evidence to support the verdict unless the court believed the deed from Hirsch to plaintiff was made to hinder and delay the creditors of

of Hirsch. Defendants tendered the single issue of fraud in that conveyance. They assumed and the law cast upon them the burden of showing the fraud they had alleged. They now insist that the trial court ignored the fact that plaintiff, who. alone knew of the *bona fides* of the conveyance to him, was not produced to testify. How is this court to ascertain that the trial court ignored the failure of plaintiff to testify?

Conceding that under certain circumstances a party's failure to testify is a pregnant circumstance against him, it is not true that a mere charge of fraud will require him to take the stand to confute it under all circumstances. The burden in this case was upon defendants. Plaintiff had established a perfect *prima facie* case without his own testimony. He was not required, in the first instance, to. controvert by his testimony the charge of fraud. It was not essential to his case that he should establish the *bona fides* of his title.

The defendants undertook to show the fraud. The mere fact that Hirsch made the deed to his son-in-law, in the absence of any evidence that Hirsch was insolvent at the time, or of evidence that Kerstner was not possessed of sufficient means to purchase, and of any effort to prove by admission, or otherwise, that he did not pay the purchase money, and the complete failure to bring home notice to Kerstner of the contemplated fraud, if any, or of the insolvency of Hirsch, fell far short of establishing such a state of case as required an explanation at the hands of plaintiff. The defendants themselves proved that at the time of the execution of the deed Hirsch was living in Cape Girardeau, and was engaged in keeping a boarding house and a saloon in his own name.

No effort was made to show that the purchase price was unreasonably large or small for the lots. They

appear to have been of little value. One was apparently worthless and the others were not improved save by a fence.    The defendants did show that no administration was had on Hirsch's estate, after his death in 1890, not quite a year after the deed was made but this did not raise a very violent presumption that Hirsch was insolvent when the deed was made or that Kerstner, who lived in another town in the county, knew it.

The defendants seem to base their case principally upon the charge of fraud in their answer and the fact that plaintiff is a son-in-law.    Ordinarily the circumstance that a particular person who is equally within the control of both parties is not called as a witness lays no ground for any presumption against either. *Scovill v. Baldwin*, 27 Conn. 318; *Bent v. Lewis*, 88 Mo. 470.    As was said by Judge ROMBAUER, in *Diel v. Railroad*, 37 Mo. App. 454, "in some cases a presumption may arise, by the unexplained silence of one of the parties to the litigation, which will give additional persuasive force to the evidence of his adversary, but which is never potent enough to supply independent evidence of a fact, which is wholly unproved by other evidence."

Until some substantial evidence of fraud, or such a combination of circumstances as pointed to an effort to cover up the property of Hirsch, was shown, the failure of plaintiff to testify raised no presumption against him, and, if there had been, the circuit court was entirely competent to indulge the presumption, which was rebuttable, and give it the weight to which it was entitled, and we have no evidence that it failed to fully weigh the circumstance, and its refusal to permit that isolated fact to supply the place of all other evidence to establish the fraud alleged, does not constitute error for which its judgment should be reversed.    It might very well have concluded that at most only a

State ex rel. v. Seibert.

suspicion had been aroused, and there was not suffi-
cient substantial evidence to justify the cancellation of
the deed, and as it is a law case we decline to reverse
its judgment upon the weight of the evidence. The
judgment is affirmed. SHERWOOD and BURGESS, JJ.,
concur.