# WILLIAM C. KELPE, Appellant, v. CONRAD KUPPERTZ et al.

### Division One, July 1, 1911.

1. **NONSUIT: Appeal: Matter for Review.** When the trial court makes a ruling precluding plaintiff's recovery, said plaintiff may submit to a judgment of nonsuit, and, upon the refusal of the court to set it aside upon timely motion, appeal to this court. A peremptory instruction to find for the defendant is such preclusive ruling of the court, and all questions that arose at the trial which are properly saved and presented will be reviewed by the Supreme Court.

2. **EJECTMENT: Title Necessary to Recovery: Proof.** Ejectment under our statute is a purely possessory action, and no allegation or proof is necessary except such as goes to the right of possession between plaintiff and defendant. Upon the record in this case any one of the several ways of deducing such possessory title was open to the plaintiff; so he is not necessarily required to deduce a title from the Government.

3. **————: Plaintiff's Theory of the Action: Insufficient Evidence to Support it.** In ejectment for a strip off a certain lot 7, the plaintiff offered in evidence a deed to one Weiss to certain lands. Plaintiff then testified that the number of the strip in suit was 7123 Virginia Avenue, that he had lived there since 1875, and had been in possession of "this lot" since 1903. *Held,* that, allowing for all presumptions, this evidence would not have justified the trial court in submitting to the jury the question whether the plaintiff had been in possession of the land in controversy, claiming title thereto, and had been ousted by defendants.

4. **————: ————: Abandoned Without Attempt to Prove: Peremptory Instructions to Find for Defendant not Error.** In ejectment for a strip off a certain lot 7, plaintiff offered in evidence a deed to one Weiss to certain lands, and stated that he would show that Weiss was the common owner of lot 7 and lot 8, including the strip in suit, and would then follow with ownership in the plaintiff himself as to lot 7. The trial court stated that plaintiff would have to go back to the Government for his title. Thereupon the plaintiff excepted, and took the stand himself. He testified to the street and number of the strip in suit, that he had lived there since 1875, and had been in possession of "this lot" since 1903. Again the trial court stated that plaintiff must go back to the Government for his title, upon

which plaintiff refused to offer further evidence, and asked for a continuance. The court gave a peremptory instruction to find for the defendant. *Held*, that the trial court cannot be said to have committed error by giving this peremptory instruction, when, upon a mere expression of the court's opinion of the proper method of proving his case, the plaintiff abandoned his own theory of the action and elected to stand on an abstract proposition.

Appeal from St. Louis City Circuit Court.— *Hon. James E. Withrow*, Judge.

AFFIRMED.

*Kurt Von Reppert* and *Henry Higginbotham* for appellant.

(1) Prior possession by the plaintiff or his grantors under a claim of the fee raises a presumption of title sufficient to make a prima facie case in ejectment. The duty then devolves upon the defendant to overcome plaintiff's prima facie case by showing paramount title. Dale v. Faivre, 43 Mo. 556; Bledsoe v. Simms, 53 Mo. 305; Norfleet v. Russell, 64 Mo. 176; Hunt v. Railroad, 75 Mo. 255; White v. Keller, 114 Mo. 483; Kelly v. Kurz, 118 Mo. 417; Mulherin v. Simpson, 124 Mo. 619; Bains v. Bullock, 129 Mo. 121; Hall v. Gallemore, 138 Mo. 644; Morris v. Sellenreick, 10 Mo. App. 584; Kries v. Land & Lumber Co., 121 Mo. App. 196; Christy v. Scott, 55 U. S. 292; Bradshaw v. Ashley, 180 U. S. 59; Railroad v. Railroad, 199 U. S. 247; 10 Am. and Eng. Ency. Law (2 Ed.), 486; Warvelle on Ejectment, 225; Sedgwick & Wait on Trial of Title to Land (2 Ed.), sec. 718, p. 548. (2) Possession of adjacent tracts of land or lots in one person claiming title extinguishes all prior claims of adverse possession and agreed lines as between such adjacent tracts or lots. A person cannot hold adversely to himself. In the case at bar, adverse possession must of necessity have commenced, if at all, subsequent to the year 1868, the year

when plaintiff's remote grantor was in actual possession of lots 7 and 8 and the controverted strip of land under claim of right or title. Patton v. Smith, 171 Mo. 231.

*Paul Dillon* and *Daniel Dillon* for respondent.

(1) After counsel for plaintiff had offered in evidence the deed from Herman Bleek, as trustee, to Peter Weiss, and had called the plaintiff to the stand and asked him a few questions, he said he had no further evidence to offer and asked for a continuance to the next term of court. The continuance was not granted and thereupon defendants asked for a peremptory instruction directing the jury to find for defendants, which the court gave. There was no error in giving this instruction. In fact, the court had nothing else to do. Plaintiff had not shown any title to the land sued for and did not even claim that he had— in fact, admitted that he had not, and asked for a continuance. In his motion to set aside the nonsuit and for a new trial plaintiff assigned two grounds or reasons for making said motion, as follows: "1. The court erred in excluding proper, legal, competent, relevant, and material evidence offered by the plaintiff. 2. The court erred in giving the instruction requested by the defendant whereby the court peremptorily instructed the jury that its verdict must be for defendant." The court did not exclude any evidence that was offered. The court did not err in giving the peremptory instruction—in fact, it had nothing else to do under the conditions. An appellant cannot be heard to ask for a reversal of the judgment of the trial court except on some ground or for some reason stated in his motion for a new trial. State v. Scott, 204 Mo. 261; Coffey v. Carthage, 200 Mo. 629; State v. Grant, 194 Mo. 364; State v. Dills, 191 Mo. 672; Almond v. Modern Workmen, 133 Mo. App. 390; State v. Anthony, 131 Mo.

235 Sup.—31

App. 625; Alexander v. Railroad, 54 Mo. App. 70.
(2)   The nonsuit taken in this case by appellant was a
voluntary nonsuit, from which no appeal lies.   The
statement made by the judge in the argument on the
trial, that plaintiff would have to go back to the
Government to prove his title, was not a ruling of the
court, excluding or holding incompetent any evidence
offered by plaintiff.   It was a mere remark from the
judge during the argument.   Bushyager v. Packing Co.,
126 S. W. 985.

BROWN, C.—Ejectment commenced in the St.
Louis Circuit Court January 2, 1907, to recover two and
one-half feet of land off the south side of lot 7, in City
Block 3034 in the city of St. Louis.   The answer is a
general denial with plea of adverse possession for more
than ten years, to which the plaintiff replied.

The plaintiff, at the trial, offered in evidence a
deed dated February 29, 1868, from Hermann Bleek,
trustee in a deed of trust in the nature of a mortgage
executed by one Schoenherr and wife, and dated Janu-
ary 17, 1867.   The trustee's deed purported to convey
to one Peter Weiss certain lands in St. Louis.

The subsequent proceedings in the trial are related
in the bill of exceptions as follows:

"Defendant's counsel objects to the introduction
of the deed as being incompetent, irrelevant and
immaterial because it does not show any title in the
Schoenherrs' trustee and does not describe the ground
contained in plaintiff's petition.   Plaintiff's counsel
states that he expects to show it covers the same
ground.   Defendants' counsel states that there is no
common source of title between the plaintiff and defend-
ant, and that plaintiff will have to go to the Govern-
ment for his title; defendant claims under no deed or
paper title; plaintiff's counsel states that he will show
that Peter Weiss was the common owner of both lots 7

and 8, including the strip in question, and then follow ownership to plaintiff as to lot 7.

"The court states that the plaintiff will have to go back to the Government to prove his title.    Plaintiff's counsel duly excepts to the ruling of the court.

"W. C. Kelpe, sworn in his own behalf, testifies as follows:

"Q.   What is your name?   A.   William C. Kelpe.

"Q.   You are the plaintiff in this case?   A.   Yes, sir.

"Q.   What is the number of the property we are suing for, the two feet and six inches?   A.   7123 Virginia Avenue.

"Q.   How long have you lived there?

"Defendants' counsel objects.

"A.   Since 1875.

"Q.   How long have you been in possession of this lot?

"Defendants' counsel objects.

"A.   Since 1903.

"The Court:   'We have nothing to do with anything but the two feet and six inches of lot 7 in block 3034,' and again announced that the plaintiff will have to go back to the Government for title.

"Mr. von Reppert:   Since you rule that I have to go back to the Government for the title, I have no further evidence to offer and ask to continue the case until the next term of court at plaintiff's cost.

"Defendants' counsel objects and prays the court to give the following instruction:

"The court instructs the jury that your verdict must be for the defendant."

The court gave, over the objection of plaintiff, the instruction so asked, to which plaintiff excepted.

Thereupon the plaintiff took a nonsuit with leave, upon which judgment was entered for defendant, and plaintiff excepted, and after an unsuccessful motion to set the same aside has brought the case here by

appeal.    The grounds stated in the motion are as follows:

"1.    The court erred in excluding proper, legal, competent, relevant and material evidence offered by the plaintiff.

"2.    The court erred in giving the instruction requested by the defendant whereby the court peremptorily instructed the jury that its verdict must be for the defendant."

At the trial the plaintiff submitted to a nonsuit because the court, at the close of his evidence, instructed the jury that their verdict must be for the defendants.    The plaintiff saved his exception to the giving of this instruction, and in due time filed his motion to set aside the nonsuit and grant him a new trial, which was overruled by the court.    To this ruling the plaintiff again saved his exception.

The law is well settled in this State that a plaintiff may, when the court at the trial makes a ruling which absolutely precludes his recovery, abandon the prosecution of his case to a final verdict against him, submit to a judgment of nonsuit and upon the refusal of the court to set it aside upon timely motion, appeal, and bring up for review such errors as have been committed in the trial.    By this salutary rule the plaintiff is placed in a position to appeal from what he considers the erroneous rulings of the trial court without subjecting himself to the conclusive incidents of a judgment upon a verdict.

In this case there can be no doubt of the conclusive effect of the action of the court in giving the peremptory instruction, so that all questions which arose upon the trial and have been properly saved and presented to this court for review are now before us.

The only suggestion of error other than in giving the instruction quoted, is found in remarks made by the court during the introduction of the plaintiff's evidence. He had offered a deed of the land in controversy to one

Weiss, to which the defendants' counsel objected because it failed to show any title in the grantor (a common failing in such instruments, which are usually made to show title in the grantee), and that the plaintiff would have to go to the Government for his title. The court seemed to concur in that remark, saying that the plaintiff would have to go back to the Government to prove his title, to which the plaintiff duly saved his exception.

It does not appear by the bill of exceptions that the court made any ruling upon the objection to the Weiss deed. The plaintiff then took the witness stand and proceeded to testify with respect to his possession of the land in controversy, when defendants' counsel made a general objection which the plaintiff disregarded and proceeded with his testimony. The court again remarked that he would have to go back to the Government for title, and his counsel said that since the court so ruled he had no further evidence to offer and asked a continuance at defendants' cost until the next term of the court. There seems to have been no further exception, nor was there any other ruling of the court upon plaintiff's application for a continuance than the giving, at the request of defendants' counsel, of the peremptory instruction already referred to.

We cannot comprehend why the court announced that the plaintiff would have to go back to the Government for his title. There are many ways of recovering in ejectment beside deducing title from the United States, and so far as this record shows they were all open to the plaintiff. He was in position to deduce the better possessory title from a common source, to depend upon prior possession under a *bona fide* claim of title, or to claim under the defendants themselves. The action being a purely possessory one under our statute (Sec. 2382, R. S. 1909) no allegation or proof is necessary except such as goes to the right of possession as be-

tween the plaintiff and the defendants. [Rogers v. Mayes, 84 Mo. 520; Evans v. Kunze, 128 Mo. 670.]

I.    The appellant makes no claim that the evidence presented was sufficient to show any derivative title in plaintiff either from a common source or from the Government, but his brief seems to indicate that he relied upon proof of prior possession under claim of right.    If his evidence was sufficient to present that question it is plain that the court erred in taking the case from the jury.    Assuming that the Weiss deed was in evidence, which we may possibly do from the statement that it was offered and the fact that the record does not show that it was excluded, the other evidence consists of the testimony of plaintiff that the number of the two feet six inches of ground sued for was 7123 Virginia Avenue, that he had lived there since 1875, and had been in possession of "this lot" since 1903.    If we further assume from these unintelligible statements that he had lived on the remainder of lot 7 since 1875, and took possession of the two feet six inches described in his petition in 1903, and had remained there ever since, we still find nothing to indicate that he had taken possession under claim of title, or had been in any way connected with the title of Weiss or of any other claimant.    This evidence, being not only unintelligible but irreconcilable, would not have justified the court in submitting to the jury the question whether or not the plaintiff had been in possession of the particular land in controversy, claiming title thereto, and had been ousted by the defendants; and it could not have done otherwise, upon the refusal of the plaintiff to proceed further, than to give the instruction which resulted in his submission to an involuntary nonsuit.

II.    It only remains to consider whether the court committed any error which drove the plaintiff to the unfortunate position in which he found himself at the close of the trial.    To be sure, it announced its intention

to require him to deduce his title from the Government, and had he then offered evidence tending to show that, as against the defendants, he was entitled to the possession of the premises, and had this evidence been excluded by the court and the point properly saved by exception, a record showing these facts would enable the plaintiff to take advantage of whatever error might be involved in such ruling. Instead, however, of taking such a course, he seems, upon the first intimation of the opinion of the court as to the proper method of proving his case, to have abandoned all attempt to recover according to his own theory, and to have elected to stand upon an abstract proposition which was entirely consistent with the admission in evidence of the deed he had just offered.

The fact that it is still open to him, without prejudice to his rights with reference to the Statute of Limitations, to bring a new suit within one year from the entry of the judgment of this court upon this appeal (Chouteau v. Rowse, 90 Mo. 191; Hewitt v. Steele, 136 Mo. 327, 334; Estes v. Fry, 166 Mo. 70, 81; Wetmore v. Crouch, 188 Mo. 647, 653), in which he may if he can, make out his title from a source common alike to himself and defendants (Finch v. Ullman, 105 Mo. 255, 263; Smith v. Lindsey, 89 Mo. 76, 80; Grandy v. Casey, 93 Mo. 595, 605; Bank v. Manard, 51 Mo. 548), or prove his own prior possession under *bona fide* claim of right (White v. Keller, 114 Mo. 479; Bains v. Bullock, 129 Mo. 117; Hall v. Gallemore, 138 Mo. 638, and cases cited), should help him to submit gracefully to the consequences of the course he elected to take at the former trial.

For the reasons stated the judgment of the St. Louis Circuit Court is affirmed. *Blair, C.*, concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.