W. L. WELSH ET AL. v. JAMES BROWN, Appellant.—96 S. W. (2d) 345.

Division Two, August 20, 1936.

*J. H. Keith* for appellant.

*J. D. Purteet, J. L. Huett* and *J. W. Thurman* for respondents.

236

COOLEY, C.—Action in ejectment, tried to the court without a jury. The court found and rendered judgment for plaintiffs and defendant appealed.

The petition alleges that plaintiffs are the owners in fee simple and entitled to possession of the lands therein described and that defendant unlawfully withholds same from plaintiffs, to their damage in the sum of $400, and that the value of monthly rents and profits is $10. The prayer of the petition is in the usual form, asking judgment for possession, for damages and for rents and profits until possession be delivered.

Defendant by his answer denies generally all allegations of the petition and avers that "he is the owner of and is now and for more than twenty years has been in the actual, open, adverse, continuous, peaceable, hostile and exclusive possession" of a part of the land sued for, which part claimed by defendant is described by metes and bounds and is said to contain ten and ninety-seven one-hundredths acres. Defendant disclaims any interest in or claim to the remainder of the tract described in plaintiff's petition, and prays that the court ascertain and determine the title to the land described in the answer and by its judgment "determine the interests of the plaintiffs and defendant therein and for general relief."

The judgment is as follows:

"The Court finds that this is an action in ejectment for the recovery of the possession of the North half of Lot Two of the Northwest quarter of Section Thirty-one, Township Thirty-one, North of Range Three East, situate in Reynolds County, Missouri; the Court further finds at the commencement of this action the defendant was, and that he is now, in possession of the above described real estate; that the plaintiffs at the commencement of this action were, and that they are now, the owners of, and entitled to the possession of said premises; that the plaintiffs have been damaged in the sum of One Dollar on account of defendant withholding the said premises from plaintiffs; and that the monthly value of the rents and profits of the premises is the sum of One Dollar.

"Wherefore, it is considered, ordered and adjudged by the Court that plaintiffs have and recover of and from the defendant the possession of the real estate described in their petition, to-wit.: The North half of Lot Two of the Northwest quarter of Section Thirty-one,

Township Thirty-one North, Range Three East, situate in Reynolds County, Missouri; that plaintiffs recover from defendant damages in the sum of One Dollar and also the sum of $1.00 per month from this date until the possession of said premises is delivered to plaintiffs; that plaintiffs recover their costs herein expended, and that execution issue herein.''

At the beginning of the trial it was admitted that the title was vested in plaintiffs ''unless the same has been acquired by defendant in and by virtue of the Statute of Limitations, by adverse possession,'' and plaintiffs thereupon rested. It was later admitted that the monthly value of rents and profits was $1 and the damages $1.

Defendant thereupon offered evidence as follows:

James Faulkenbery, county surveyor, testified that on October 5, 1931, he surveyed and made a plat of the tract claimed by defendant, which plat was introduced in evidence. He said there were no buildings on the land; that there was an orchard but he did not count the trees; that ''most of the survey was suitable for cultivation and was under fence and in cultivation.''

Defendant testified in his own behalf. His testimony as shown by the abstract of the record is very short and we can best give a clear understanding of it by setting it out as it there appears. Omitting an unanswered question or two and a question to which objection was sustained and the answer thereto which was stricken out, he testified as follows:

''That he fenced up the land as shown by Exhibit A, in 1911, and cleared it the same year he fenced it. Land same as described in defendant's answer. He had been cultivating the land since same year, every year, and no one ever disputed his possession until this suit was brought in 1931. There is 10.97 acres of land, all is in cultivation under fence. The land lies on an east slope. There is no improvements on the land except an orchard, several peach trees and cherry trees. Had been cultivating the land all these years.

''Q. Just state to the Court what claim, if any, you have made to this land? A. Well, I have cleared it and fenced it and called it mine. I have been doing that for all these years. No person ever made any claim to it until Mr. Welsh did in September. He fenced all the land in 1911. There was about two acres cleared when I bought it.

''MR. BREWSTER: When you bought what?

''THE WITNESS: The land my house is on. The land my house is on joins this land. It is not on land in this suit.

''CROSS-EXAMINATION.

''I bought land from Henry Guilliams and he is still living. Got a deed from him. I thought my deed covered land in dispute, but

would not swear it was in the deed. Thought my deed covered it. Where the line is running it is still close to the inside of my fence and I insist it is mine. . . . .

"Q. The question now is that you were mistaken about where your original boundary line was of the land you bought from Guilliams? A. Well, he showed me this land and I bought it.

"Q. He showed you where he thought the corner was, he started there and said it went on down in front of the sugar maple tree there? A. No. He showed me a white oak corner, eighteen years ago. He showed me where he thought the line was and where the land lay.

"Q. It has turned out that by an accurate and official survey of that land that this ten acres and some fraction is not in the land you have a deed to, but is covered in Mr. Welsh's deed, isn't it? A. The way it is surveyed that is what it shows.

"Q. You don't want anything that isn't in your deed, you only want what is yours, don't you? A. Well, I claim this land. . . . I want what is inside my field. I want this land as I call it mine.

"Q. Will you tell me why you improved this land without knowing where your line was or without having a survey made? A. Well, I just cleared it and fenced it because it was mine, and I still say it is mine. I think I have answered that once. I just cleared off this land and built a fence around it. I figured my deed covered it."

The foregoing was all the evidence in the case.

■ Respondent raises a question as to our appellate jurisdiction. If we have jurisdiction it is upon the ground that title to real estate is involved. In a comparatively recent case, Tooker et al. v. Missouri Power & Light Co., 336 Mo. 592, 80 S. W. (2d) 691, the plaintiff sued in ejectment, asking a judgment for possession and damages. The defendant claimed to have acquired and to own an easement and therefore to be entitled to possession. The judgment was for the plaintiff for possession and nominal damages. This court, in Division Two, took jurisdiction, holding that the effect of the judgment was to deny the defendant's claim of ownership of an easement or right of way. In Williams v. Maxwell (Mo.), 82 S. W. (2d) 270, this court, in Division One, took appellate jurisdiction on an analogous state of facts. There the suit was in ejectment. The plaintiff pleaded that he was the owner and entitled to possession of the land in dispute. The defendant by answer pleaded a state of facts showing ownership in himself. The judgment was for the plaintiff for possession and for rents and profits. In the late case of Ballenger et al. v. Windes, 338 Mo. 1039, 93 S. W. (2d) 882, Division One, by a divided court, overruled Tooker v. Missouri Power & Light Co. and Williams v. Maxwell, supra, the majority opinion holding that in an ejectment suit, where neither party requests an adjudication of title, the plaintiff asking only for possession and for damages and the defendant

asserting ownership merely as a defense to the plaintiff's action for possession, and the judgment is for possession only, with monthly rental, title to real estate is not involved in the constitutional sense so as to give this court appellate jurisdiction. The case of Ballenger v. Windes was not transferred to the court en banc. In the majority opinion in that case it is said that the decisions in this State have not been in complete accord on the question of appellate jurisdiction in ejectment cases. Without attempting to set forth his own views on the subject the writer respectfully suggests that there is still ground for uncertainty and confusion as to the appellate jurisdiction in ordinary ejectment suits, where the plaintiff, following the provisions of the statute, asserts a right to possession, supporting his claim by proof of title (see dissenting opinion in Ballenger v. Windes, supra), and the defendant asserts title in himself as his only claim of right to possession; this because there is conflict between the holding by Division Two in the Tooker case and that of Division One in the Ballenger case.

In the instant case, however, we are clearly of the opinion that appellate jurisdiction is in this court, even under the decision in Ballenger v. Windes, supra. Plaintiffs pleaded ownership. Defendant denied that averment, claimed ownership in himself and asked the court to ascertain, determine and adjudge the title to the land claimed by him and of which he was in possession. What more could he do to put title in issue? The court found that plaintiffs were the owners and entitled to possession, thereby necessarily finding that defendant was not the owner. If that "finding" be not considered a part of the *judgment* and only the portion of what is certified to us as the judgment beginning "Wherefore it is considered," etc., be treated as the *judgment* of the court, nevertheless the necessary effect and operation of the judgment, as we said in Tooker v. Missouri Power & Light Co., supra, is to deny defendant's claim of ownership,—to adjudicate the question of title against him. If that judgment stands the question of ownership,—of *title* to the land in dispute,—as between plaintiffs and defendant, is *res adjudicata.*

Of the merits:

The action is one at law. While defendant, in the prayer of his answer, throws in a prayer for "general relief" the facts pleaded by him present only a claim of legal title by adverse possession and a right of possession by virtue of such title. No demurrer to the evidence was offered,—a fact said in Bell v. Barrett (Mo.), 76 S. W. (2d) 394, 396 (1) to be of some significance. No declarations of law were asked or given. The action being at law, if there was substantial evidence to support the finding of the court, sitting as a jury, the judgment must be affirmed. Title,—with consequent right to possession,—was admitted to be in plaintiffs unless their title had been

divested and had become vested in defendant by adverse possession under the Statute of Limitations, the burden of proving which rested upon defendant. The judgment can be reversed only if the evidence conclusively, as a matter of law, establishes adverse possession. [Bell v. Barrett, supra; Indian Creek Land Co. v. Bradford (Mo.), 82 S. W. (2d) 589.]

Both parties cite Swope v. Ward, 185 Mo. 316, 84 S. W. 895, wherein it is said, 185 Mo. l. c. 324:

"There are five essential elements necessary to constitute an effective adverse possession: first, the possession must be hostile and under a claim of right; second, it must be actual; third, it must be open and notorious; fourth, it must be exclusive; and fifth, it must be continuous."

In the Swope case the court discusses at some length what constitutes the *hostile* possession necessary to make it adverse. In the instant case defendant's testimony tends to show possession for the requisite statutory period. But does it conclusively show that such possession was adverse in the meaning of the law? Mere *possession* is not sufficient. It must be *adverse* possession. [See Indian Creek Land Co. v. Bradford, supra.] It is inferable from defendant's testimony, though not very clearly shown, that this case presents a question of a boundary dispute. It appears from defendant's testimony that he built his fence on what he supposed was the boundary of the land described in the deed he got from Guilliams,—a mistaken belief, as the subsequent survey showed. Did he claim to the fence, or did he intend to claim only to the true line, wherever it might be? On this proposition we quote from Milligan v. Fritts, 226 Mo. 189, Syl. 2, 125 S. W. 1101, cited by appellant:

"If defendant entered upon the lot and located the fence and barn by mistake and in ignorance of the location of the true boundary line, yet if he had no intention of taking what did not belong to him, the fact that he may have inclosed a larger area than his deed called for would not destroy the adverse character of his possession, if his intention was to claim and hold all that the fence inclosed. But if he located the fence on what he supposed was the true line and intended to claim only to the true line whenever and wherever it might be located, his possession was not adverse."

It seems to us that defendant's testimony is too vague and uncertain to authorize the court to hold that it conclusively shows that defendant's possession was adverse. Conceding that his evidence may have made a submissible case as to adverse possession, it was for the trier of the facts, in this case the court sitting as a jury, to weigh the evidence and to determine its probative value. As we have said, defendant did not ask a peremptory declaration of law but voluntarily submitted the case on the evidence, thus seemingly conceding

that the evidence presented a question of fact for determination. We think it did and the finding was against defendant on his claim of adverse possession. The judgment is affirmed. *Westhues* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. *Leedy* and *Tipton, JJ.*, concur; *Ellison*, *J.*, concurs in result.