CHARLES E. GIBBANY, Administrator of the Estate of WESLEY S. WALKER, Appellant, v. JOHN W. WALKER and PEARL WALKER. —113 S. W. (2d) 792.

Court en Banc, February 25, 1938.

*F. P. Stapleton* for appellant.

*Dean Leopard, E. L. Redman* and *J. W. McKnight* for respondents.

ELLISON, J.—Ejectment for eighty acres of land, the N ½ of the SW ¼ of Sec. 21, Tp. 62, Rg. 31, Gentry County, Missouri. The tract was part of a 320-acre farm the title to which stood in the name of Wesley S. Walker when he died intestate in October, 1930. His estate was indebted and the probate court ordered his administrator, Charles E. Gibbany, the appellant, to lease the land and bring any suits necessary to obtain possession thereof. This action followed in February, 1933. The petition is in conventional form; alleges the plaintiff is entitled to the possession of the premises; that the defendant has unlawfully withheld such possession since February 10, 1933; and prays for the recovery of possession and damages.

The defendants-respondents, John W. Walker (a son of the intestate) and his wife, filed a general denial. No equitable defense was pleaded, and there was no prayer for affirmative relief. On the facts, their defense was that in 1915 the father made a verbal contract with the son whereunder the latter was to return from Canada to Missouri and farm the whole half-section in conjunction with the father during the latter's lifetime, and help pay off the mortgage indebtedness of $4000 thereagainst, in consideration for which the 80 acres in suit should be the son's from the time he entered upon performance of the contract. Respondents further produced evidence which they maintain shows the son had remained in possession of the 80 acres pursuant to that contract from 1915 to the bringing of the action; and they claimed title under the ten-year Statute of Limitations, on the theory that their said possession was adverse.

The cause was tried to a jury and resulted in a general verdict for the respondents signed by ten of the jurors, upon which the court rendered judgment that the respondents were "not guilty of the trespass and ejectment in the petition alleged."

■ The respondents suggest the cause should be transferred to the Kansas City Court of Appeals on the ground that under the pleadings and judgment the title to real estate is not involved in such sense as to give this court appellate jurisdiction under Section 12, Article VI, Constitution of Missouri. In this connection we may add that the amount in dispute cannot give us jurisdiction under Section 1914, Revised Statutes 1929 (Mo. Stat. Ann., p. 2587), and Section 3, Constitutional Amendment of 1884, if the suit be regarded merely as a possessory action. In the petition the damages are laid at $250 and the value of the monthly rents and profits is alleged to be $25 per month, or $300 per year. It is thus established that the amount in dispute does not exceed $7500.

■ The case cited by respondents in support of their contention is Ballinger v. Windes (1936), 338 Mo. 1039, 93 S. W. (2d) 882, decided by Division One of this court. That decision held the title to real estate was not involved within the meaning of the Constitution in a straight action in ejectment where the petition merely alleged the plaintiff was entitled to possession of real estate, that the defendant unlawfully withheld the same, and prayed judgment only for possession, damages and costs; the answer contained a general denial and a specific defensive plea of ownership, but without a prayer for affirmative relief requiring a direct adjudication of title; and the judgment awarded only possession, damages and costs.

There is a scholarly dissenting opinion in the case written by HAYS, J., which points out that ejectment is a remedy *sui juris,* and that historically and under the practice in this State for over a century ejectment has been recognized as a proceeding to try title where the basis of the conflicting possessory claims of the litigants is title. Both opinions cite and rely on Nettleton Bank v. Estate of McGauhey (1928), 318 Mo. 948, 2 S. W. (2d) 773, decided en banc. In that case ejectment is mentioned as one of the actions which do involve title in the constitutional sense, but the decision also reiterates the doctrine announced in the Ballinger case and many others that ''to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy.* The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another.''

There can be no doubt about the fact that the view taken in the dissenting opinion is historically correct. An action in ejectment founded upon a claim of title has long been considered in this State and elsewhere as involving title. [9 R. C. L., sec. 3, p. 828; 19 C. J., secs. 3, 4, 5, pp. 1030, 1031, sec. 312, p. 1214.] Thus in Clarkson v. Stanchfield (1874), 57 Mo. 573, 575, it was held there was no error

in a judgment which declared the plaintiff to be the "owner of" and entitled to the possession of the premises in dispute, though he only prayed for possession. The opinion said: "There is nothing in this objection. The whole spirit and purpose of the action of ejectment is to try title." And in Dunn v. Miller (1888), 96 Mo. 324, 334, 9 S. W. 640, 643, this court declared, "It is beyond dispute that an action at law in ejectment is a case within the meaning of the phrase, 'involving title to real estate,' in Section 12, Article 6," of our Constitution. Evans v. Kunze (1895), 128 Mo. 670, 679, 31 S. W. 123, 125, says: "While ejectment is the appropriate form of action in this State to try title, yet it is by nature a possessory action" and "may not always try the title."

Matthews v. Citizens Bank (1932), 329 Mo. 556, 563, 46 S. W. (2d) 161, 164 (6), a banc case, held that where the title to land is dependent on an adverse possession which is interrupted by a judgment in ejectment, the action is in substance and in fact a suit to try title with the right of possession only an incident.

Sasse v. Sparkman (1932), 53 S. W. (2d) 261, decided by Division Two, ruled that since the legal title to the land there affected was concededly in the plaintiff and the dispute was only over the right of possession, appellate jurisdiction lay in the Court of Appeals.

In Tooker v. Missouri Power & Light Co. (1935), 336 Mo. 592, 80 S. W. (2d) 691, 101 A. L. R. 365; 63 S. W. (2d) 217, it seems the petition in ejectment alleged ownership of land in the plaintiff and prayed judgment for possession. The answer pleaded defensively an easement, without a prayer for affirmative relief; the judgment was for possession, damages and costs. The Kansas City Court of Appeals transferred the cause to this court and Division Two accepted jurisdiction.

In Williams v. Maxwell (1935), 82 S. W. (2d) 270, the petition in ejectment recited the plaintiff "was the legal owner and entitled to the possession" of certain real estate. The answer was a general denial coupled with a specific plea attacking the plaintiff's title under a trustee's foreclosure deed. There was no prayer for affirmative relief. Division One entertained jurisdiction because it was "necessary for the Court to determine which party had legal title to the real estate in order to determine which was entitled to possession." Both these decisions were overruled in the Ballinger case.

The latest case on the question is Welsh v. Brown (1936), 339 Mo. 235, 96 S. W. (2d) 345, decided by Division Two. There the ejectment petition laid ownership in the plaintiffs and the answer pleaded ownership and adverse possession, and affirmatively prayed an adjudication of defendant's title. The judgment found plaintiffs to be the owners of the land and awarded possession to them, thus deny-

ing the judgment of ownership sought by defendant. This court rightly held title was involved, and accepted jurisdiction.

The dissenting opinion in the Ballinger case proceeds on the theory that while our statutes prescribe a skeleton procedure in ejectment making the right of possession of land the issue, yet in reality it is only a surface issue when there is an underlying title controversy, and the case involves title in the constitutional sense notwithstanding the pleadings call only for a determination of the right of possession and the judgment in terms merely awards or denies it without expressly adjudicating title. The same theory is approved in a note on the Ballinger case appearing in 22 Washington University Law Quarterly, page 264. This view harmonizes with the Sasse, Tooker and Williams cases. The dissenting opinion in the Ballinger case further says if the answer in an ejectment suit pleads an equitable *defense* the judgment on that issue becomes *res judicata*.

These doctrines are inconsistent with the holdings in several Missouri decisions, especially those of recent years. Thus it is said in Kelpe v. Kuppertz (1911), 235 Mo. 479, 485, 139 S. W. 335, 336, that under our statute the action of ejectment is "purely possessory." Hecker v. Bleish (1927), 319 Mo. 149, 175, 3 S. W. (2d) 1008, 1019, more emphatically declared it "is purely and solely a possessory action," and held a judgment in a straight ejectment suit vesting *title* in the plaintiff was that far *coram non judice* and void. And in a suit to determine title, Ancona Realty Co. v. Frazier (1931), 328 Mo. 750, 755, 41 S. W. (2d) 820, 822, where the defendant had prevailed in a former ejectment suit, the court said: "Of course this case was not determinative of defendant's title. It was a possessory action only and left defendants where it found them, in possession of the land."

The doctrine has been established since the decision of Kimmel v. Benna (1879), 70 Mo. 52, 61, that "a judgment in ejectment is no bar to a second action between the same parties for the same property, whether the titles and defenses in both actions be the same or not," though it will break the running of the Statute of Limitations. (See first syllabus of case, and more than a dozen subsequent decisions in 11 West's Mo. Digest, sec. 31, p. 234.) This fact is conceded in Reynolds v. Hood, 209 Mo. 611, 620, 108 S. W. 86, 89, cited in the dissenting opinion in the Ballinger case; and of course it could not be true if ejectment determined title in the modern sense. Further, the statement in the Ballinger dissenting opinion that a judgment against a defendant's equitable defense in an ejectment suit will bar the same, is true only with qualifications. If the answer pleads equities merely as a *defense* and asks no affirmative relief, the action remains one at law in ejectment. [Kerstner v.

Vorweg, 130 Mo. 196, 199, 32 S. W. 298, 299; Brooks v. Gaffin, 192 Mo. 228, 244, 90 S. W. 808, 812; Koehler v. Rowland, 275 Mo. 573, 581, 205 S. W. 217, 219, 9 A. L. R. 107.] But when equitable defenses are invoked with a prayer for affirmative relief thereon, the action becomes a suit in equity. [Swon v. Stevens, 143 Mo. 384, 392, 45 S. W. 270, 271; Reynolds v. Stepanek, 339 Mo. 804, 810, 99 S. W. (2d) 65, 68.]

Considering the question in these various aspects we are of the opinion that an ordinary action in ejectment does not involve title within the meaning of Section 12, Article VI of the Constitution. It is true that in Nettleton Bank v. Estate of McGauhey, supra, 318 Mo. l. c. 955, 2 S. W. (2d) l. c. 775 (12) of which the writer was the author, we referred by way of illustration to a statement in Force v. Van Patton, 149 Mo. 446, 449, 50 S. W. 906, 907, that actions in ejectment do involve title. The cases on the point did so hold at the time, and the question was not up for decision. Confronted with it now, we are driven to the conclusion that the ruling in the principal opinion in the Ballinger case is the better rule though the dissenting opinion has much support in the case law.

The reason given in Williams v. Maxwell, supra, 82 S. W. (2d) l. c. 272-3, for entertaining jurisdiction of ejectment actions in this court—that it is "necessary for the Court to determine which party had legal title to the real estate in order to determine which was entitled to possession"—would require us to take jurisdiction of all sorts of proceedings where title is only collaterally in issue. The same reason was urged in a dissenting opinion in one case forty years ago where the action was for the replevin of wheat and the underlying issue was as to which party owned the land where it was grown. [Fischer v. Johnson, 139 Mo. 433, 438, 41 S. W. 203, 204.] The argument there made was that the Constitution confided to us the decision of all questions of real estate law, however arising, for the purpose of securing uniformity therein. It is settled that the Constitution does not give us so wide a jurisdiction. In one sense whenever the decision of a case turns on the title to land title is involved. But for many years it has been the rule that if no adjudication of title is called for, the issue is only collateral.

In Welsh v. Brown, supra, 339 Mo. l. c. 239, 96 S. W. (2d) l. c. 347, it is suggested that the Ballinger case leaves the law in a state of confusion because there Division One attempted to overrule Tooker v. Missouri Power & Light Co., supra, 336 Mo. 592, 80 S. W. (2d) 691, 101 A. L. R. 365, decided by Division Two. The fact that one of the judges of Division One dissented added to the confusion. The point is urged in appellant's reply brief. In view of the unsettled state of the law thus arising and of the holdings of this court en banc in Matthews v. Citizens Bank, supra, 329 Mo. l. c. 563, 46

S. W. (2d) l. c. 164, and Nettleton Bank v. Estate of McGauhey, supra, 318 Mo. 948, 2 S. W. (2d) 773, it may not be out of place to say that the holding in the Ballinger case and this case cannot jeopardize titles to real estate founded on judgments in ejectment, because of the rule announced in Klocke v. Klocke, 276 Mo. 572, 581, 208 S. W. 825, 827.

The cause is ordered transferred to the Kansas City Court of Appeals.

PER CURIAM:—The foregoing opinion by ELLISON, J., in Division Two is adopted as the opinion of the Court en Banc. All concur except *Hays, C. J.,* absent.