James Winfred MOSS and Mildred E. W. Moss, husband and wife, Paul S. Hollenbeck, trustee, and Alex C. Hayes, Jr., and Anna Hayes, husband and wife, Plaintiffs-Appellants,

v.

A. L. JAMES and Carney James, Defendants-Respondents.

No. 8506.

Springfield Court of Appeals.

Missouri.

May 12, 1966.

Claude T. Wood, Richland, Harold S. Hutchison, Vienna, for plaintiffs-appellants.

Northern & Crow, Rolla, for defendants-respondents.

STONE, Presiding Judge.

Plaintiffs James Winfred Moss and Mildred E. W. Moss, husband and wife, instituted this action in the Circuit Court of Maries County by the filing of their petition in two counts. In Count I they alleged that, at all times therein mentioned, they had been the owners of certain described real estate in Maries County upon which defendants A. L. James and Carney James had entered, erected fences, cut timber, removed gravel, and changed the natural channel of a creek, thereby damaging plaintiffs; and that defendants threatened to continue cutting timber and otherwise damaging said real

estate by reason of which plaintiffs would suffer irreparable injury for which they had no adequate remedy at law. The prayer was for a temporary injunction (which was issued), to be made permanent upon trial, restraining and enjoining defendants from entering upon the described real estate. In Count II plaintiffs sought monetary damages of $5,000 for the same allegedly wrongful and wanton acts of defendants. The other parties plaintiff subsequently added without objection were the trustee and beneficiaries in a deed of trust covering the real estate described in the petition.

In due time, defendants filed their answer to both counts; and defendant A. L. James filed a counterclaim in which he asserted his ownership, by reason of adverse possession, of certain real estate described therein and prayed "the court to try, ascertain, and determine the estate, title and interest of the defendant A. L. James and plaintiffs" in and to that real estate, to adjudge and decree that "defendant A. L. James is the fee simple owner" thereof and that "plaintiffs . . . have no right, title or interest in and to said real estate," and to enjoin plaintiffs from claiming thereafter any right, title or interest therein.

The transcript shows that plaintiffs and defendant A. L. James owned contiguous tracts and that, upon trial, the primary issues were as to the precise location of the boundary line between those tracts and, regardless of the precise location of that line, as to whether or not defendant A. L. James had acquired title by adverse possession to a disputed strip of land along that line. The court's decree found the issues against plaintiffs on both counts of their petition and for "defendants" on the counterclaim, specifically found, adjudged and decreed "that defendant A. L. James is vested with the fee simple title to the real estate hereinafter described having established title by adverse possession under [V.A.M.S.] Section 516.010," then found, adjudged and decreed that "plaintiffs have no right, claim or interest in said estate or title whatsoever," dismissed plaintiffs' petition, and dissolved the temporary injunction obtained by them. Plaintiffs appeal.

■ The parties have filed with us a "stipulation" to transfer the case to the Supreme Court of Missouri as one directly involving the title to real estate. Art. V, Sec. 3, Mo.Const. of 1945, 2 V.A.M.S. However, since appellate jurisdiction cannot be conferred even by express consent [Mack v. Mack, Mo., 281 S.W.2d 872, 873(1); Higgins v. Smith, 346 Mo. 1044, 1047, 144 S.W. 2d 149, 151(4); Morrow v. Caloric Appliance Corp., Mo.App., 362 S.W.2d 282, 283 (1); State v. Egan, Mo.App., 272 S.W.2d 719, 722(2)] and since capable counsel occasionally enter into such stipulations while laboring under a mistaken belief concerning appellate jurisdiction [e. g., State ex rel. State Highway Commission v. County of Camden, Mo.App., 394 S.W.2d 71], we have treated the stipulation of counsel as a motion to transfer, have reviewed the transcript on appeal, and have considered the request of counsel on its merits.

■ Our Missouri cases hold that title to real estate is involved directly in an appellate jurisdictional sense where a defendant avers his ownership of real estate and prays a determination and declaration of title either in his answer [Barker v. Allen, Mo., 273 S.W.2d 191, 192(1); Davidson v. Eubanks, 354 Mo. 301, 189 S.W.2d 295(1), 161 A.L.R. 450, transferred from Mo.App., 185 S.W.2d 73, 75(3)] or, as here, in his counterclaim [George v. Jester, Mo.App., 248 S.W.2d 453, transferred to Mo., 255 S.W.2d 783]; and, without regard to the pleadings, the same is true where, as is also the situation here, the judgment rendered by the trial court determines title. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W.2d 544, 545(3, 5, 6); Riley v. LaFont, Mo., 174 S.W.2d 857(1); Domyan v. Dornin, Mo.App., 348 S.W.2d 360, 362(4), transferred to Mo., 356 S.W.2d 70. In the instant case, the judgment both *sought* and *rendered* directly involved title to real estate in an appellate jurisdictional sense. Hence, the Supreme Court is vested with exclusive ap-

pellate jurisdiction [Art. V, Sec. 3, Mo. Const. of 1945], and the Clerk of this court is directed to transfer this cause forthwith [V.A.M.S. § 477.080], together with a copy of this order, to the Clerk of the Supreme Court.

RUARK and HOGAN, JJ., concur.