**Joel Grady SMITH and Ledia Ann Smith, Respondents (Plaintiffs),**

v.

**O. D. McCLARD and Stella McClard, Appellants (Defendants).**

**No. 52940.**

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

Paul McGhee, Dexter, for respondents.

Claude Arnold, Dexter, for appellants.

WELBORN, Commissioner.

This case involves an action in two counts. Count I was in ejectment and for damages. Count II sought an injunction against the locking of a gate which barred plaintiffs from access to their land. A jury's verdict was for plaintiffs on Count I, with damages assessed at $50.00. The court found for plaintiffs on Count II and entered an injunction. After the motion for new trial had been overruled, defendants appealed. On this appeal, appellants state that this court has jurisdiction because title

to real estate is involved within the meaning of § 3 of Article V, Constitution of Missouri, 1945, V.A.M.S. According to appellants, the appeal is from "(1) a judgment based upon a verdict of the jury involving title to a strip of ground * * * on Count I of respondents' Petition wherein they claim a 'recovery of said premises,' while defendants claim title to said strip of land by adverse possession as set forth in their First Amended Answer * * *."

Respondents, in their brief, point out that neither the petition nor the answer sought an adjudication of title and that the judgment does not, on its face, purport to adjudicate title. Respondents suggest that in view of the nature of the relief sought and the judgment entered, this court may not have jurisdiction of this appeal. We must first resolve this question.

Count I was in ejectment in conventional form. It alleged ownership by plaintiffs of the disputed premises and sought recovery of the premises and damages. Count II alleged that defendants had locked a gate across a bridge by which plaintiffs gained access to their land. The petition alleged that plaintiffs had the lawful right to use the bridge and that the locked gate constituted a nuisance to plaintiffs. The prayer of Count II was for an injunction "to abate said nuisance" and to enjoin defendants "from maintaining said nuisance and obstruction."

Defendants' answer denied generally the allegations of Count I of the petition. The answer further alleged that defendants were the owners of the premises in dispute by reason of adverse possession. The answer to Count I also asserted that the actual boundary line between the property of plaintiffs and defendants was a fence which partially bounded the land in dispute. The answer to Count II admitted that defendants had locked the gate, but alleged that the gate was located exclusively on defendants' land, asserting title by adverse possession,

and denied that plaintiffs had any right to use the gate or bridge. The answer asked generally for judgment for defendants on both counts of the petition.

The case was tried to a jury as to Count I, which returned a verdict in favor of plaintiffs, assessing plaintiffs' damages at $50.00. As shown by the transcript, the court entered judgment in favor of plaintiffs by reciting the jury's verdict. No judgment for possession was entered. On Count II, the court found for plaintiffs "and grants the injunction for and sets Supersedeas Bond at $500.00 for delay in injunction pending trial motions * * *."

■ For a case to involve title to real estate within the meaning of § 3 of Article V, conferring appellate jurisdiction on this court, the judgment sought or rendered must directly affect or operate upon title to real estate so as to determine it adversely to one litigant and in favor of another. Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S.W.2d 771. Prior to 1936, this court considered an action in ejectment to involve title to real estate within the jurisdictional grant to this court, because it was "necessary for the court to determine which party had legal title to the real estate in order to determine which was entitled to possession." Williams v. Maxwell, Mo.Sup., 82 S.W.2d 270, 272–273. In 1936, in the case of Ballenger v. Windes, 338 Mo. 1039, 93 S.W.2d 882, the court concluded that an action for ejectment in which neither party sought a judgment adjudicating title and in which the only judgment entered was for possession did not adjudicate a title controversy and therefore an appeal in such case was not within the jurisdiction of the Supreme Court. See also Gibbany v. Walker, 342 Mo. 156, 113 S.W.2d 792. Such has been the rule followed since 1936. Townsend v. Lawrence, Mo.Sup., 262 S.W.2d 55; City of St. Charles v. De Sherlia, Mo.Sup., 303 S.W.2d 32, 34–35[2–4]; Luttrell v. State Highway Commission, Mo.Sup., 367 S.W.2d 615, 618[3].

Appellants have not seen fit to suggest any reason why such rule should not be applied in this case. The only case cited in their jurisdictional statement, Moss v. James, Mo.App., 403 S.W.2d 661, was for an injunction to enjoin a trespass in which the defendant filed a counterclaim, asserting ownership of the land involved, and sought an adjudication of his title, which the trial court did determine in favor of the defendant. As the court pointed out, the "judgment both *sought* and *rendered* directly involved title to real estate in an appellate jurisdictional sense." 403 S.W.2d 662[2, 3]. If such were the case here, no problem of jurisdiction would be presented to us. Obviously, such is not this case. In this case, the appellants sought no affirmative adjudication of their asserted ownership, the trial court's judgment did not by its terms pass on the issue and, although they do say that the judgment should have been in their favor on their defense of adverse possession, appellants assert no error by reason of the trial court's failure to adjudicate title in them.

■ Respondents have advanced theories on which they suggest that the jurisdiction of this court might be based, e.g., the parties impliedly tried the issue of title and this court can amend the judgment to decide the issue. However, we cannot acquire jurisdiction by an amendment of the judgment below, if our jurisdiction must depend upon either the judgment entered or the relief asked. See Hoelmer v. Heiskell, 359 Mo. 236, 221 S.W.2d 142; Albi v. Reed, Mo. Sup., 281 S.W.2d 882, 884–885.

■ Respondents also suggest that inasmuch as in the answer to Count II, appellants asserted title to the land on which the gate had been erected, title to real estate is involved in that count. Boas v. Cliffdale Land & Farm Co., Mo.Sup., 193 S.W. 806, cited by respondents, is a pre-Ballenger v. Windes case in which an action for injunction was held to involve title in the same manner as an action for ejectment. Ballenger v. Windes established new principles for the determination of this question. Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552, and Bunyard v. Turley, Mo.App., 410 S.W.2d 706, involved actions to establish an easement and for an injunction to prevent interference therewith. An action to establish an easement as distinguished from a mere action to enjoin interference with a claimed easement does involve title to real estate within our jurisdictional limit. Kansas City Power & Light Company v. Riss, Mo.Sup., 312 S.W.2d 846; Judge v. Durham, Mo.Sup., 274 S.W.2d 247.

Although not advanced by either of the parties here, the suggestion has been made that in Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, the theoretical basis of the holdings of Ballenger v. Windes and Gibbany v. Walker, supra, has been destroyed. See "The Allocation of Original Appellate Jurisdiction in Missouri," W.U. L.Q., Vol. 1964, No. 4, p. 425, § 5.070, Actions in Ejectment, pp. 546–550; Eckhardt, "Work of the Missouri Supreme Court for 1949—Property," 15 Mo.L.Rev. 376, 383. The essence of the holding of Ballenger was that ejectment was only a possessory action, a judgment in which did not bar a subsequent action to determine title. Therefore, ejectment was held not to involve title within the constitutional limitation of the Supreme Court's jurisdiction.

In Cantrell v. City of Caruthersville, supra, 221 S.W.2d 479, this court concluded that under the 1943 Rules of Civil Procedure: "The judgment rendered [in an ejectment action] should, we think, be binding upon the parties and their privies" [as to all claims of title upon which the right of possession depends].

The Cantrell case was an action to quiet title. The issue before the court was not one of jurisdiction. The actual issue was the effect of a judgment in an ejectment action as a bar to a subsequent action between the same parties to quiet title. In Cantrell,

note was taken of the jurisdictional status of appeals in ejectment actions. Reference was made to *Ballenger* and *Gibbany*, supra, without intimation that, on the matter of appellate jurisdiction, they were no longer to be followed. Insofar as we find, no subsequent case has considered that Cantrell produced new standards for the determination of questions of appellate jurisdiction. Cantrell was cited in support of the Supreme Court's denial of jurisdiction in Luttrell v. State Highway Commission, Mo.Sup., 367 S.W.2d 615, 618[3], an action for ejectment. See also City of St. Charles v. De Sherlia, Mo.Sup., 303 S.W.2d 32, 34[2–4], where Cantrell was cited in support for denial of jurisdiction of an action in ejectment.

■ We are of the opinion that jurisdictional matters must be determined according to the principles laid down in the Nettleton Bank, Ballenger and Gibbany cases, supra. The judgment sought or rendered must be the decisive factor. To hold otherwise would necessitate inquiry, in a case such as this, as to what issues were or might have been determined. Here, defendants did assert title by adverse possession, but they also asserted an issue as to the actual location of the boundary line between plaintiffs' and defendants' property. Examination of the transcript would be required to determine what issue was actually litigated and the issue may or may not, in fact, have been one of title. See Albi v. Reed, supra.

■ Since neither party sought, and the judgment does not purport to grant, an adjudication of title, this court does not have jurisdiction of this appeal. The cause is ordered transferred to the St. Louis Court of Appeals.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.